Action by G.S. Atwater and others against the City of Sarasota, a municipal corporation, and others, for an injunction and declaratory decree to have a city ordinance relating to licensing of plumbers decreed invalid. From a decree for the defendants and order refusing to strike portions of defendants' answer, plaintiffs appeal and defendants file cross-assignments of error.
Affirmed.
The appellants as plaintiffs brought suit for injunction and declaratory decree, seeking to have Section 6 of Ordinance 628, City of Sarasota, decreed invalid, alleging that it contravenes the provisions of Chapter 469, Florida Statutes 1941, F.S.A. There was an answer to the amended bill, a motion to strike portions of which was denied. Evidence was then taken on the issues made by the answer to the amended bill. This appeal is from the final decree and from the order refusing to strike portions of defendant's answer to the amended bill. Defendants filed cross assignments of error.
We first consider the question of whether or not Section 6 of Ordinance 628 contravenes Chapter 469, Florida Statutes 1941, F.S.A., the latter being a general law for licensing plumbers. Section 6 of the Ordinance is as follows: "Any general contractor, electrical contractor, master plumber or journeyman plumber who has been examined and is licensed in any incorporated City in the State of Florida that has duly adopted and is administering codes that are equal to the standards set forth in the codes used by the City of Sarasota and hereinafter referred to, or any general contractor duly qualified, licensed and doing business in more than one state other than the State of Florida, may make application for a certificate to the Chief Building Inspector on a blank to be furnished by the building department provided, that any such person must have been engaged in such business for more than one year. The Chief Building Inspector will inquire of the references as given on the application as to character, ability and financial stability. If satisfactory the Chief Building Inspector may issue a certificate upon the payment by such person of the occupational license to the City of Sarasota and the presentation of an affidavit to the City that he or they will comply with this Ordinance and said codes used by the City of Sarasota."
The pertinent part of Chapter 469 to this case in substance provides, (1) that any person desiring to engage in the work of plumbing in cities or towns of 7500 population or more shall first receive a certificate therefor in accordance with the provisions of this Chapter. Section 469.01. (2) Every city of 7500 or more shall set up a Board of Plumbing Examiners, one of whom shall be Chairman of the Board of Health, one shall be a master plumber and the third shall be a journeyman plumber. (3) That such Board shall hold examinations *Page 683 
from time to time to test the qualifications of applicants for licenses, the subjects to be covered in the examinations are stated, and if the Board is satisfied with the competency of the applicant it may issue him a certificate and charge him a prescribed fee. The following provisions of Chapter 469 govern the issuance and renewal of the certificate, the appointment of plumbing inspectors and the enforcement of rules and regulations touching the plumbing business: "Said certificate shall be valid for the term of one year, but the same may be renewed if application for renewal is made to said board not less than thirty days before the expiration of said certificate. The fee for renewal shall be one dollar. All money shall be paid into the city or town treasury for the use of said city or town." § 469.04. Section 469.05 provides that cities "shall provide by ordinance, rules and regulations for the construction and maintenance of all plumbing and drainage placed in or on any building or the premises thereof in such city or town."
Other provisions deal with the appointment of plumbing inspectors and their duties, but are not material to this discussion.
Section 7 of the City Charter, City of Sarasota, being Chapter 23529, Sp.Acts of 1945, among other things, authorizes the City "to do whatever is necessary and proper for the safety, health, convenience, and general welfare of its inhabitants". Section 197 of the Charter makes all general laws of the State applicable to municipal corporations, which are now or may hereafter be enacted and which are not in conflict with its charter or ordinances, applicable to the City of Sarasota.
It is well settled that Chapter 469, Florida Statutes 1941, F.S.A., quoted and referred to in the forepart of this opinion, and the provisions of the City Charter referred to in the preceding paragraph, including Ordinance 628, must be read to give each a field of operation if possible. Ordinance 628 should also be read to accomplish the purpose it was designed to accomplish if this can be done within the compass of Chapter 469 and the constitution. If this cannot be done, the ordinance must fall. It is admitted that appellants are citizens and residents of and that they are engaged in the business of master or journeyman plumbers in the City of Sarasota. The decree appealed from held certain provisions of Ordinance 628 inoperative because of conflict with Chapter 469, but refused to restrain the Chief Building Inspector from issuing certificates to persons to engage in the business of plumbing in the City of Sarasota who may be certificated under the terms of Section 6 of Ordinance 628 On this point it is contended that although the chancellor held the ordinance invalid in part, his decree is so vague and indefinite, appellants are uncertain as to its scope.
Appellants contend that the injunction should have been granted because Ordinance 628 seeks to set up a scheme for licensing plumbers in Sarasota contrary to that provided in other cities of the State under Chapter 469. It is insisted in other words, that Chapter 469, Florida Statutes 1941, F.S.A., was in effect repealed by ordinance 628 and that the ordinance was set up in place of the statute. The ordinance is general in scope and covers all building contractors including plumbers, but it does not lower the requirements prescribed by state law as to them, in fact, they are the same as those prescribed in the State law and in so far as sanitary requirements are specified, the ordinance is equally as effective as the State law. It provides for the same kind of a bond to certify plumbers and imposes requirements as to qualification equally as rigid as the State law.
Section 8 of Article VIII of the Constitution, F.S.A., clothes the legislature with plenary power to establish and abolish municipalities and to provide for their government and prescribe their powers and jurisdiction. We have been pointed to no instance in which the provisions of the City Charter exceed the powers granted by the legislature to the City and an examination of the ordinance does not show that the powers granted have been exceeded. The ordinance is one dealing with the welfare of the city and since it sets up a system equally as effective as that set up in the statute we cannot say that it administers the coup de *Page 684 
grace to the latter. One of the primary purposes of the ordinance was to permit the Chief Building Inspector of the City to license persons from other cities in the State and from other states, to pursue the plumbing trade in Sarasota, provided they meet all requirements of state law and city ordinance. We think the ordinance was within Section 8, Article VIII of the Constitution and that the City was authorized to pass and enforce it. The terms of the licenses, the manner of their renewal and other provisions in which it is different from state law, are not material.
Other questions are argued but we do not think it necessary to discuss them. We think the ordinance complained of was within the power of the city to enact, so the judgment appealed from is affirmed.
Affirmed.
CHAPMAN and HOBSON, JJ., and BROWN, Associate Justice, concur.