DREW, Justice.
The 1953 Session of the Legislature enacted Chapter 29419, Laws of Florida. This act was passed to provide uniform hours for the sale of alcoholic beverages in Pinellas County, leaving to the municipalities in that county only the right further to restrict the hours of sale or to adopt more stringent regulations than those set forth in the act. The effect of the act was simply to say that so far as the sale of alcoholic beverages in Pinellas County was concerned the same would be governed solely by that enactment unless any duly organized municipal government within the boundaries of Pinellas County decided further to restrict or limit the sale thereof in which event the more stringent regulation would apply. The reservation of power to the municipality in this respect is contained in a proviso appearing in Section 7 of the act, reading as follows:
“ * * * Nothing contained in this Act shall be construed to prevent any such municipality located in Pinellas County from establishing shorter hours or stricter or other regulations, than are herein provided; and that any such shorter hours or stricter regulations, as heretofore or hereafter enacted or adopted by valid municipal law, ordinance or regulation, shall nevertheless govern the hours and operation of any such establishment dealing in alcoholic beverages located within any such municipality.” (Emphasis supplied.)
Chapter 29419, supra, became a law May 23, 1953. At that time there was in effect in the City of St. Petersburg, Florida, a municipal corporation located wholly within Pinellas County, an ordinance designated as Chapter 18, Section 10, Revised Ordinances of the City of St. Petersburg, Florida, 1946. . This ordinance, so far as appli *233 cable to the question here presented, is as follows:
“Sec. 10. Prohibited hours.
Prohibited hours are hereby established and the term ‘prohibited hours’ shall mean the periods of time herein set forth:
Week days, except Christmas Day, New Year’s Day, and election days, from and including the second day of January of each and every year to and including the last day of March, any time between 2:00 A.M. and 6:00 A.M.; all other week days of the year, any time between 12:05 A.M. and 6:00 A.M.
Sundays, between and including thé second day of January of each and every year to and including the last day of March, any and all times after 2:00 A.M.; all other Sundays, except New Year’s Day and Christmas Day, all times of the day.
Christmas Day and New Year’s Day, any time after 2:00 A.M.
Election Days, from 12:05 A.M. until the polls are closed.”
The appellant here conducts a business in the City of St. Petersburg dealing in alcoholic beverages. He brought an action in the lower court for declaratory decree setting out the enactment of the foregoing 1953 Legislative Act and the Ordinance of the City of St. Petersburg aforesaid which was in effect at the time the Legislative Act became a law. He alleged in his complaint that the ordinance is invalid and void because it allows and permits establishments dealing in alcoholic beverages to remain open for longer hours than the State statute authorizes, and that each part of the said ordinance having a general influence on the remainder renders the entire ordinance invalid and void. On this issue the question was presented to the lower court on motion for summary decree. The able chancellor below determined the question adversely to the appellant, holding, inter alia:
“2. That provision of Chapter 18, Section 10, Revised Ordinances of the City of St. Petersburg, Florida, authorizing establishments dealing in alcoholic beverages to open for business at 6:00 o’clock A. M. is in conflict with an inferior to House Bill No. 931, Acts of Florida Legislature 1953 (fixing the opening hour at 8:00 o’clock A. M.) and the opening hour of 6:00 o’clock A. M. in said ordinance should be and is hereby decreed to be invalid, void and inoperative.
“3. That Chapter 18, Section 10, Revised Ordinances of the City of St. Petersburg, Florida, with the exception of that provision authorizing establishments dealing in alcoholic beverages, to open for business at 6:00 o’clock A. M., hereinabove referred to, should be and the same is hereby decreed to remain in full force and effect being a valid and constitutional ordinance; and the opening hour of 8:00 o’clock A. M. fixed in said House Bill No. 931 shall control the opening hour of such establishments in St. Petersburg, Florida, since the date of the enactment of said House Bill No. 931.”
This appeal is from the final decree so entered, the principal contention being that the Legislative Act being supreme the ordinance is void because it is in direct conflict therewith.
Taking into consideration the obvious and patent purpose of the Legislative Act, Chapter 29419, supra, as set forth in Section 1 (a) and 1 (b) thereof, vis:
“(a) That conflicts or differences between previously enacted General Laws of the State of Florida and Special or Local Laws relating to various types of establishments dealing in alcoholic beverages in Pinellas County, Florida, have resulted in confusion and attendant difficulties in enforcement, and have tended to encourage the maintenance of such establishments as those popularly known as ‘Bottle *234 Clubs’, and have resulted in other infractions or evasions of the law in various portions of said County, particularly in certain incorporated municipal areas purporting to have more 'liberal' ordinances or regulations.
“(b) That Pinellas County, Florida, is an area which attracts thousands of vacationers from other States and localities, both in Winter and 'in Summer; that it is therefore desirable and proper that the permitted hours of operation of, and other regulations relating to, restaurants, clubs and other types of establishments dealing in alcoholic beverages, should be both reasonable, in view of the tourist trade of said locality, and uniform throughout said County; except that municipalities in said County desiring to establish, by appropriate municipal law, or ordinance, shorter hottrs of operation or stricter regulations, should be permitted to do so; but that no munict ipality in Pinellas County, Florida, should be permitted to establish longer hours for the operation of such establishments, than are herein permitted.”
and the proviso contained in Section 7 of the Act heretofore quoted, we find nothing in the City Ordinance that renders it invalid or void. In Section 7 of the act the Legislature expressly recognized that “shorter hours or stricter regulations * * heretofore * * * enacted” by municipalities of Pinellas County were valid and had been taken into consideration by it in enacting the legislation. What the Legislature meant' to accomplish and what it did accomplish was to make it unlawful to sell alcoholic beverages anywhere' in Pinellas County .except in accordance with the provisions of the Legislative Act or in accordance with the more restrictive conditions of municipal ordinances then in existence or thereafter enacted. The law on this subject is so thoroughly discussed in 6 McQuillin, Municipal Corporations, 3rd Ed. 249, Sec. 21.35, that we quote therefrom :
• “Statutes and. ordinances are to be reconciled where possible and effect given to both. So long as a statute and ordinance on the same subject do not conflict, they both will stand or supplement each other merely. It is only in case.of conflict between the public general law and an ordinance that the general law prevails over the ordinance. If an ordinance conforms to a subsequent change of statute, its validity is not affected. Furthermore, a statute subsequently enacted may be of such character as not to operate to disturb particular matters regulated by a previously existing ordinance, although both statute and ordinance cover the same general field. Likewise, a statute enacted subsequently to an ordinance may be of such character as to operate at one and the same time to leave the ordinance in effect generally and to supersede it with respect to rules and regulations of a state administrative body made under authorization of the statute.
“Before a court is justified in holding that an ordinance is superseded or void because in conflict with a state law, it must appear that it is in dir.ect conflict with some particular state law. An ordinance is not superseded or prevailed over by a statute where there is no conflict and where their subj ects are at most only incidentally related. Moreover, the mere fact that an ordinance covers a phase of a particular matter that is not covered by a subsequently enacted statute dealing with the matter does not make the ordinance in conflict with, or repealed by, the statute. In particulars where the statute is silent the ordinance may speak.
“So long as the ordinance, within the grant of municipal power, is within the statute on the same subject, that is, does not exceed it or is not inconsistent with it, there is no conflict in the sense of making the ordinance void. To illustrate, where the statute sets up a standard for milk of 8.75 per cent of solids *235 not fat, and the ordinance requires milk to contain not less than 8.5 per cent of nonfatty solids, the two are not in conflict. A lower municipal standard for milk is not in the nature of an authorization to sell in violation of the state law; it is merely prohibitory in character. It does not invite a violation of the statute. * * *”
See also Atwater v. City of Sarasota, Fla. 1949, 38 So.2d 681.
The chancellor below correctly construed the ordinance of the City of St. Petersburg. Therefore, the decree appealed from is hereby affirmed.
ROBERTS, C. J., , and TERRELL, THOMAS, SEBRING, HOBSON and MATHEWS, JJ., concur.