143 So.2d 859 (1962)
CITY OF CORAL GABLES, Florida, a Municipal Corporation, et al., Petitioners,
v.
James B. BURGIN, Respondent, and Dade County, a Political Subdivision of the State of Florida, Intervenor.
No. 31679.
Supreme Court of Florida.
July 25, 1962.
Rehearing Denied September 18, 1962.
Edward L. Semple and William M. Burton, Jr., Miami, for petitioner.
Paul H. Brinson, Coral Gables, and Harry O. Traylor, Miami, for respondent.
Darrey A. Davis, Miami, for intervenor.
THOMAS, Justice.
This case comes to this court by virtue of a certificate of the District Court of Appeal, Third District, issued pursuant to Sec. 4(2), Art. V of the Constitution, F.S.A., that the decision of that court determined a question of "great public interest," namely, "the extent of municipal authority under the government of Metropolitan Dade County." Specifically, the matter involved was the refusal of the municipality of Coral Gables to license a plumber who had been authorized by the County of Dade to pursue his occupation.
The respondent as plaintiff in the circuit court was awarded a peremptory writ of mandamus by which the petitioner, City of Coral Gables, upon payment by respondent of a specified amount, was commanded to issue the respondent a valid plumbing contractor's license. Moreover, the circuit judge made permanent a temporary injunction restraining the arrest or prosecution of the respondent for managing his business, known as Tamiami Plumbing Company, Inc., and forbidding trial of a case against *860 the respondent pending in the city court for failure to obtain a license from the City of Coral Gables.
The relevant facts are comparatively simple. The respondent had obtained from Dade County a certificate of competency as a plumbing contractor in accordance with the provisions of Ordinance No. 57-25. This ordinance regulates contractors, masters and journeymen engaged in the building trades and requires that all so occupied obtain certificates issued by examining boards of the County.
The City of Coral Gables refused to recognize the certificate of respondent inasmuch as the City had a higher standard of qualification for plumbing contractors, and as a consequence a warrant was issued for respondent's arrest charging him with doing plumbing work without first obtaining a permit from the City.
The question emerging from this factual situation is whether the Dade County ordinance or the Coral Gables ordinance prevails. The circuit judge by his ruling held, of course, that the latter was superseded by the former.
The District Court of Appeal decided at first that the ordinance of the county merely prescribed a minimum standard for plumbing services while the city as was its right, considering its characteristics as a community of culture and beauty, had adopted a higher standard for plumbing work done within its boundaries with which the respondent would have to comply.
After petition for rehearing was granted the District Court of Appeal withdrew its original opinion stating with admirable frankness that it had overlooked a controlling provision of the Metropolitan Charter, that is, Sec. 1.01(A)(13) granting to the Board of County Commissioners the power to "adopt and enforce uniform building and related technical codes and regulations for both the incorporated and unincorporated areas of the county; provide for examinations for contractors and all parties engaged in the building trades and for the issuance of certificates of competency and their revocation after hearing." It was the mandate of the ordinance that "such certificates [should] be recognized and required for the issuance of a license in all municipalities in the county," and that "no municipality [should] be entitled to require examinations or any additional certificate of competency or impose any other conditions for the issuance of a municipal license except the payment of the customary fee." (Italics supplied.)
It was the court's ultimate decision that the point at issue was settled by the opinion of this court in City of Miami Beach v. Cowart, 116 So.2d 432.
It is the idea of the petitioner, Coral Gables, that the cause was certified to this court because of Sec. 5.02 of the Metropolitan Charter, providing that every municipality was allowed to exercise all powers relating to "local affairs not inconsistent with [the] Charter" and that each could provide for "higher standards of zoning, service and regulation than those provided by the Board of County Commissioners in order that its individual character and standards [might] be preserved for its citizens," which, contends the City, conflicts with Sec. 1.01(A)(13), supra. We have italicized the two nouns that we apprehend the City considers form an inconsistency with the specific regulation of all persons occupied in the building trades.
In essence it is the position of the City that in view of the preamble of the Metropolitan Charter "to endow [the] municipalities with the rights of self-determination in their local affairs," and further in view of the cultural and aesthetic qualities of the City it should be unhampered in adopting more stringent control of plumbing especially since Sec. 5.02, supra, stipulates that each city is authorized to prescribe higher standards of service and regulation than those set by the County.
We said in Miami Shores Village v. Cowart, 108 So.2d 468, that what are and *861 are not purely local affairs constitute mixed questions of law and fact to be resolved as they arise. Following that thought we come to the problem whether or not the regulation and supervision of plumbing are matters peculiar to the cities at the moment affected or whether they are from their very nature universal as distinguished from sectional or regional. The answer must be found in the fundamental purpose of the regulation and supervision of plumbing work. We think they are means of safeguarding the health of citizens and the safety of their property against the damage that could result from inefficient installation of systems that frequently, if not always, are immediately sealed from view and easy inspection. It was the declaration of the legislature of this State when enacting "Florida Plumbing Control Act of 1951" that the purpose of the legislation was "the promotion of the public health and safety in this state."
There is before us no challenge of the claim that Coral Gables is a city of beauty and refinement and certainly this court does not question the assertion but we are impelled to the conclusion that the health of the people of the whole area and the safety of their property do not fall into a number of categories equalling the number of municipalities in the county. To state it otherwise, we have difficulty reasoning that Coral Gables, lovely as it is, should because of that attractiveness have a higher degree of plumbing control than the other areas of Dade County. It is difficult for us to conceive of a subject more general, as contrasted with local, than public health or to envisage a genuine relationship of plumbing to aesthetics.
In City of Miami Beach v. Cowart, supra, this court affirmed a decree of the Circuit Court of the Eleventh Judicial Circuit for Dade County holding that the ordinances in question, including 57-25, supra, and the sections of the charter, including 1.01(A) (13), supra, were valid, and this court stated in its opinion that the charter provisions attacked did not violate Sec. 11 of Art. VIII, moreover, that the ordinances in question dealt with subjects that, quoting with approval from the decree of the chancellor, were "`not purely local in nature but [were] susceptible to area-wide regulation,'" and, therefore, were valid.
We are forced to the conclusion that there is no logical relationship between the qualifications of a plumber or the quality of his work and the aesthetic and cultural features of the City of Coral Gables and that, consequently, it cannot be successfully argued that the regulation of the plumbing trade is a matter so peculiar to that city as to justify denominating it purely local.
This opinion is restricted to the questions considered and determined by the District Court of Appeal and does not, therefore, deal with the applicability or inapplicability of Chapter 469.
The decision of the District Court of Appeal was correct and, therefore, is not disturbed, so the petition for the writ of certiorari is denied.
ROBERTS, C.J., and TERRELL, THORNAL and O'CONNELL, JJ., concur.