## CAPELETTI BROTHERS, Inc. v. BOARD OF PUBLIC INSTRUCTION
### No. 65-C-7882.

Circuit Court, Dade County.
July 23, 1965.

Darrey A. Davis of Hector & Davis, Miami, for plaintiff.

George C. Bolles, Miami, for defendant board of public instruction.

James Knight of Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for defendant Poole & Kent Co.

RALPH O. CULLEN, Circuit Judge.

*Order granting application for immediate relief:* This suit requires the court to construe the provisions of chapter 10 of the Code of Metropolitan Dade County (ordinance no. 57-25, as amended) which regulates the building trades and contruction

industry in Dade County and provides for the examination of contractors and the issuance of certificates of competency. The question presented for determination is whether, under the provisions of such local law, the holder of certificates of competency as a plumbing contractor and as a general mechanical contractor is qualified to bid, as prime contractor, on the public works project here involved and to offer to contract with the school board for the construction of the project which involves (in addition to plumbing and mechanical work) work that is not related or incidental to either plumbing or mechanical work.

The Supreme Court of Florida has upheld the validity and constitutionality of this ordinance, and has held that the county commission was empowered to enact such local legislation. See City of Coral Gables v. Burgin, 143 So.2d 859 (Fla. 1962); City of Miami Beach v. Cowart, 116 So.2d 432 (Fla. 1959).

The board of public instruction of Dade County advertised for bids and invited qualified contractors to submit bids for the construction of the site development for the south campus of the Miami-Dade Junior College, in accordance with plans and specifications prepared by the board's architects and engineers. The contract documents require that the contractor shall comply with all county laws, ordinances and regulations regulating the proposed construction work, and that the contractor shall obtain and pay for all permits and licenses necessary to commence and prosecute the proposed construction work.

On July 15, 1965, the defendant, Poole & Kent Co., submitted a base bid of $1,874,000 to construct this public works project for the school board. The plaintiff, Capeletti Brothers, Inc., submitted a base bid of $1,899,400.

On July 19, 1965, the plaintiff instituted this suit against the board of public instruction and Poole & Kent Co. by filing a verified complaint asserting that, under the controlling provisions of chapter 10 of the Code of Metropolitan Dade County, Poole & Kent Co. is not qualified to bid on this public works project and that the board of public instruction, under the provisions of the contract documents which require compliance with all county ordinances, may not award the contract to Poole & Kent Co. The complaint prays that the court adjudicate and declare that the bid of Poole & Kent Co. is invalid, void, unlawful and a nullity; that the board be enjoined from accepting such bid or awarding the construction contract to Poole & Kent Co.; and that the court adjudicate that the board is authorized either to award the contract to plaintiff as the lowest responsible bidder, or that the board reject all bids.

This cause was set for hearing, on short notice, upon plaintiff's application for immediate injunctive relief. The parties have produced all their testimony and evidence relating to this controversy and their respective positions in the same manner as though the cause was on final hearing. All parties agreed that they had no other evidence, and that the evidence adduced shall be utilized for final hearing. The board of public instruction took the position that it was in doubt as to the meaning, intent and construction of the applicable provisions of chapter 10 of the Metropolitan Code, and urged the court to make an immediate determination of the question presented so the the board will know its duties and obligations in respect to awarding the contract for this project. It appears that the board is under urgent time compulsion in respect to this project, and that the public interest requires that this controversy be resolved at the earliest possible date.

Plaintiff contends that the defendant, Poole & Kent Co., as the holder of certificates of competency as a plumbing contractor and as a general mechanical contractor, is not qualified to bid on this public works project or to accept an award of the construction contract; that under the provisions of chapter 10 of the Metropolitan Code only the holder of a certificate of competency as a general building contractor, or as a general engineering contractor, is qualified to bid or contract for construction of this public works contract. The defendant, Poole & Kent Co., contends that under a proper interpretation of chapter 10 of the Metropolitan Code, a plumbing contractor and a general mechanical contractor is qualified to bid on this public works project and to accept an award of the construction contract. The board of public instruction says it is in doubt as to the meaning of chapter 10 of the Metropolitan Code, and therefore does not know whether or not Poole & Kent Co. is qualified.

The plans, specifications, bids and contract documents governing the public works project (which are in evidence) show that it involves the work of several building trades, including plumbing work, electrical work, work of a mechanical contractor, work of an engineering contractor, and various specialty contractors.

It is undisputed and conceded by all parties that the plaintiff (who is a general engineering contractor) is fully qualified to construct this public works project. The question is whether the defendant, Poole & Kent Co. (who is both a plumbing contractor and a general mechanical contractor) is qualified.

Section 10-2(V)(A) of the Code of Metropolitan Dade County delineates the scope of the work that plumbing contractors are qualified and authorized to perform and contract for; and section 10-2(VII)(A) prescribes the work of general mechanical contractors. The court construes the applicable provisions of the code as

meaning that plumbing contractors and general mechanical contractors are authorized to perform only the construction work enumerated and such other work as is incidental to the enumerated plumbing work or mechanical work. Such contractors are not authorized to contract with owners for construction work involving the work of other building trades or contractors, such as electrical or other unrelated work. The code authorizes general building contractors and general engineering contractors to contract with owners for construction work involving two or more building trades. Such authorization is not contained in the code provisions governing plumbing contractors and general mechanical contractors. In Currie v. Stolowitz, 338 P.2d 208, somewhat similar provisions of a California statute regulating contractors were considered and construed by the court in this same manner.

Section 10-3 (b) of the Metropolitan Code makes it unlawful for any person, firm, corporation or joint-venture to bid or proffer a bid on any public works project, unless such bidder holds an appropriate certificate of competency qualifying him to perform the work proposed by the bid and contract documents.

The court finds that the plaintiff has established the material allegations of its complaint by a preponderance of the evidence, and that the equities of this cause are with the plaintiff.

Accordingly, it is ordered, adjudged and decreed as follows —

1.  The defendant, Poole & Kent Co., is not qualified under the controlling provisions of the Code of Metropolitan Dade County to bid as prime contractor on the public works project involved herein, or to accept an award of contract from the board of public instruction. Said defendant is qualified to perform the plumbing work and mechanical work, and work incidental thereto, in connection with said public works project, as a subcontractor.

2.  The plaintiff, Capeletti Brothers, Inc., as a general engineering contractor, is fully qualified to contract for all the construction work in connection with this public works project.

3.  The board of public instruction of Dade County is hereby enjoined and restrained from recognizing the bid of the defendant, Poole & Kent Co., submitted on July 15, 1965, and from considering said bid as valid, and from awarding the contract for the site development of the south campus of the Miami-Dade Junior College to Poole & Kent Co.

4.  The injunctive provisions of this order shall become effective only upon the plaintiff filing herein an injunction bond in the penal amount of $25,000 payable to the defendants, conditioned to pay such costs and damages as may be incurred or suffered by

the defendants in the event the injunctive provisions of this order are dissolved, and be found to have been wrongfully enjoined or restrained by the provisions of this order.

5. The board of public instruction is authorized either to accept the bid of the plaintiff, Capeletti Brothers, Inc., as the lowest responsible bidder, or to reject all bids, in its discretion.