132

## CITY OF CORAL GABLES v. DADE COUNTY.
No. 63-C-6552.
Circuit Court, Dade County.
October 29, 1965.

Edward L. Semple, Coral Gables, for plaintiff.

Darrey A. Davis, County Attorney, for defendant.

FRANCIS X. KNUCK, Circuit Judge.

Plaintiff seeks a declaratory decree as to whether Dade County ordinance 57-52, presently chapter 10, Metropolitan Code (which incorporates substantial amendments) is valid insofar as it provides for the certification by a county board of plumbers within the city of Coral Gables. The basis for uncertainty arises from the provisions of sections 469.01 through 469.04, Florida Statutes.

Defendant has answered and has moved for a summary final decree. Plaintiff concedes that there is no factual dispute.

Sections 469.01-4, Florida Statutes, are applicable to all cities with a population of 7,500 or more and having a system of water supply or sewerage, a classification which includes plaintiff. By these provisions, all plumbers are required to secure a certificate of competency to be issued by a board consisting of three persons to be appointed by the city in accordance with its charter or ordinance. The board is charged with the duty of examining applicants as to their practical knowledge of plumbing skills and of issuing certificates to those found competent.

By ordinance no. 669, adopted in July 1950, the plaintiff city directed the city manager to appoint three persons to serve as a board for this purpose.

The county ordinance, enacted in November, 1957, established six examining boards with county-wide jurisdiction to examine all contractors, masters and journeymen engaged in the various aspects of the building trades, including a board for the examination and certification of plumbers. The county boards are appointed by the county commission.

This ordinance was expressly authorized by section 1.01 (A) (13) of the home rule charter, adopted in May, 1957, by the electors of Dade County —

"Section 1.01 (A). The board of county commissioners shall be the legislative and the governing body of the county and shall have the power to carry on a central metropolitan government. This power shall include but shall not be restricted to the power to:

. . . 13. . . . provide for examinations for contractors and all parties engaged in the building trades and for the issuance of certificates of competency and their revocation after hearing. Such certificates shall be recognized and required for the issuance of a license in all municipalities in the county. No municipality shall be entitled to require examinations or any additional certificate of competency or impose any other conditions for the issuance of a municipal license except for the payment of the customary fee."

Plaintiff contends that the charter provision and the ordinance conflict with the general law in two respects — (a) the county ordinance as originally enacted contained a "grandfather clause" permitting certification of certain persons who had never passed an examination, whereas section 469.04, Florida Statutes, requires an examination "as to their practical knowledge of plumbing," and (b) the county ordinance supplants the city board with a county board.

Article VIII, section 11 (5), Florida constitution, prohibits charter provisions and county ordinances in "conflict with" any applicable general law "except as expressly authorized in this section", that is to say by section 11 (1) (a) through (i). Chase v. Cowart, Fla. 1958, 102 So.2d 147, 153.

The grandfather clause in the 1957 county ordinance, section 17.06 (eliminated by ordinance 64-59), was limited to those persons who held "a current certificate of competency issued by Dade County" under the provisions of chapter 25548, Laws of Florida 1949 *and* who either passed an examination or were "actively, continuously and properly engaged in the trade concerned . . . for a period of five years immediately prior to the effective date" of the county ordinance, June 27, 1958, *and* who made application "within six months from the effective date" of the county ordinance. Both chapter 25548 and the 1957 county ordinance contained provisions for revocation of any certificates upon complaint and after hearing.

Under these circumstances, the difference noted is not a conflict. In Atwater v. City of Sarasota, Fla. 1949, 38 So.2d 681, 683, it was held that a city ordinance with a grandfather clause for those "engaged in such business for more than one year" did not conflict with chapter 469, Florida Statutes, because it "sets up a system equally as effective as that set up in the statute". The same conclusion is apparent here.

Dade County is "expressly authorized" by section 11 (1) (c) to "merge, consolidate, and abolish" any board or other governmental unit "whose jurisdiction lies wholly within Dade County, whether such governmental units are created by the constitution or legislature or otherwise." This *express* constitutional authorization permits the abolition of the city plumbing board and the merger or consolidation of its functions with those of the county board. Chase v. Cowart, supra.

Furthermore, section 11 (1) (d) expressly authorizes the transfer by the charter of "any and all of the functions or powers of any municipal corporation or other governmental unit in Dade County." The home rule charter expressly transfers all these powers and privileges to the county commission. Section 1.01 (A) (21). State v. Dade County, Fla., 1962, 142 So.2d 79, 85, 86.

In City of Coral Gables v. Burgin and Dade County, Fla. 1962, 143 So.2d 859, the ordinance and charter provision now under attack were held valid and not in violation of section 11 of article VIII of the constitution, as had earlier been held in City of Miami Beach v. Cowart, Fla. 1960, 116 So.2d 432. All other municipalities

in Dade County comply with the county ordinance. Defendant has prayed for affirmative relief in this case.

Accordingly, the court declares that Dade County ordinance 57-25 as amended (presently chapter 10, Metropolitan Code), and section 101 (A) (13) of the home rule charter for Dade County, are valid exercises of the legislative authority conferred upon the Dade County Commission by section 11 of article VIII, Florida constitution. Section 4 of Coral Gables ordinance no. 669, and any other rules, regulations or ordinances of the city in conflict with section 101 (A) (13) of the home rule charter or chapter 10, Metropolitan Code, are invalid, unenforceable, null and void. The city of Coral Gables, its officers, agents and employees, are mandatorily enjoined forthwith to recognize, comply with and abide by the provisions of section 1.01 (A) (13) of the home rule charter and chapter 10, Metropolitan Code.