PER CURIAM.
Appellant, the City of Coral Gables, filed suit for declaratory decree seeking a determination of whether the Dade County Metropolitan Home Rule Charter under which provision was made for licensing of plumbers for county-wide application prevails, or must yield to the provisions of Chapter 469, Fla.Stat., F.S.A., which provide for examination and licensing thereof by a city board in cities of more than 7,500 inhabitants.
The power of Metropolitan Dade County under the Constitution and its charter to provide for examination and licensing of plumbers on a county-wide basis, to the exclusion of cities within the county to do so, was established by the decisions of the Supreme Court in Miami Shores Village v. Cowart, Fla.1958, 108 So.2d 468, and City of Coral Gables v. Burgin, Fla.1962, 143 So.2d 859.
In the Cowart case it was held the Home Rule Amendment and charter authorized the Dade County Board of County Commissioners to regulate and control on a countywide basis those municipal functions and services which are susceptible to and could be most effectively carried on under a uniform plan of regulation applicable to the county as a whole. In the later Burgin case that rule was applied directly to the licensing of plumbers on a county-wide basis. However, in the Burgin case the Supreme Court stated it did not “deal with the applicability or inapplicability of Chapter 469.”
The trial court was eminently correct in holding that in view of the power conferred by Constitution and charter on Metropolitan Dade County in the matter in question, as announced by the Supreme Court in the Cowart and Burgin cases, the provisions of Chapter 469 for such regulation by municipalities are inapplicable to municipalities in Dade County. A contrary ruling would make the holdings above referred to of the Supreme Court in the Cowart and Bur-gin cases ineffective.
Affirmed.