GOODING, MARION W., Associate Judge.
Appellee, Capeletti Brothers, Inc., brought an action in the lower court for the purpose of enjoining defendant, The Board of Public Instruction of Dade County, Florida, from awarding a certain contract for site development work to the appellant, The Poole & Kent Co., who was the low bidder. The lower court entered its final decree granting a permanent injunction against The Board of Public Instruction. The Poole & Kent Company now appeal from this final decree.
The Board of Public Instruction of Dade County, Florida, advertised for bids and invited qualified contractors to submit bids for the construction of the site development for the South Campus of the Miami-Dade Junior College in accordance with plans and specifications prepared by the Board’s architects and engineers. The con *71 tract documents required that the contractor should comply with all County laws, ordinances and regulations regulating the proposed construction work, and that the contractor should obtain and pay for all permits, and licenses necessary to commence and prosecute the proposed construction work.
On July 15, 1965, the defendant, Poole & Kent Co., submitted a base bid of $1,874,-000.00 to construct this public works project for the Board. The plaintiff, Capeletti Brothers, Inc., submitted a base bid of $1,-899,400.00.
On July 19, 1965, he plaintiff instituted suit against The Board of Public Instruction and Poole & Kent Co. asserting that under the controlling provisions of Chapter 10 of the Code of Metropolitan Dade County, Poole & Kent Co. was not qualified to bid on this public works project and that the Board of Public Instruction, under the provisions of the contract documents which require compliance with all County ordinances, may not award the contract to Poole & Kent Co. The complaint prayed that the court adjudicate and declare the bid of Poole & Kent Co. invalid, unlawful and a nullity; 'that the Board be enjoined from accepting such bid or awarding the construction contract to Poole & Kent Co., and that the court adjudicate that the Board is authorized either to award the contract to plaintiff, Capeletti Brothers, Inc., as the lowest responsible bidder, or that the Board reject all bids.
The Board of Public Instruction took the position that it was in doubt as to the meaning, intent and construction of the applicable provisions of Chapter 10 of the Metropolitan Code, and asked the court to determine this question.
The lower court in granting the injunction decreed that Poole & Kent Co. was not qualified under the controlling provisions of the Code of Metropolitan Dade County, Florida, to bid as prime contractor on the public works project, involved herein, or to accept an award of contract from the Board of Public Instruction; that, Poole & Kent Co. was qualified to perform the plumbing work and mechanical work and work incidental thereto, in connection with said public works project, as a subcontractor. The court further ruled that the plaintiff, Capeletti Brothers, Inc., as a General Engineering Contractor, was fully qualified' to contract for all- the construction work in connection with the, public works project.
The sole question raised on appeal is:
Did the Chancellor correctly construe Chapter Ten (10) of the Code of Metropolitan Dade County as providing that the holder of certificates of competency as a Plumbing Contractor and as a General Mechanical Contractor is qualified to perform only the plumbing and mechanical work enumerated in the Code and work incidental to such plumbing and mechanical work; and is not qualified to bid on contract, as prime contractor, for the construction of a public works project involving the work of various building trades (other than plumbing and mechanical) not incidental to. plumbing and mechanical work?
To answer this question it is necessary that the court construe the provisions of Chapter 10 of the- Code of Metropolitan Dade County (Ordinance No. 57-25, as amended). This ordinance regulates the building trades and construction industry in Dade County and provides for the examination of contractors, ánd the issuance of certificates Of - competency.
The Supreme Court of Florida has upheld the validity and constitutionality of this ordinance, and has held that the County Commission was empowered to enact such local legislation. See City of Miami Beach v. Cowart, 116 So.2d 432 (Fla.1959); City of Coral Gables v. Burgin, 143 So.2d 859 (Fla.1962).
The appellant contends that under a proper interpretation of Chapter 10 of the .Metropolitan Code, a Plumbing Contractor and a General Mechanical Contractor is qualified to bid on this public works ^contract *72 and to accept an award of the construction contract. The appellee, Capeletti Brothers, Inc., contends that the appellant, Poole & Kent Co., as the holder of certificates of competency as a Plumbing Contractor and as a General Mechanical Contractor, is not qualified to bid on this public works project or to accept an award of the construction contracts; that under the provisions of Chapter 10 of the Metropolitan Code only the holder of a certificate of competency as a General Building Contractor, or as a General Engineering Contractor, is qualified to bid on contract for construction of this public works contract.
The plans; specifications, bids and contract documents governing the public works project, in evidence, show that it involves the work of several building trades, including plumbing work, electrical work,' work of a mechanical contractor, work of an engineering contractor, and various specialty contractors.
It is undisputed and conceded by all parties that the appellee (who is a General Engineering Contractor) is fully qualified to construct this public works project. The question is whether the appellant, Poole & Kent Co., (who is both a Plumbing Contractor and a General Mechanical Contractor) is qualified.
Section 10-2 V (A) of the Code of Metropolitan Dade County delineates the scope of the work that Plumbing Contractors are qualified and authorized to perform and contract for. This section provides that:
“A PLUMBING CONTRACTOR is a contractor whose contracting business consists of the execution of contracts requiring the experience, financial means, knowledge and skill to install, maintain, repair, alter or extend plumbing, septic tank, drainage and supply well, swimming pool piping or solar heating systems and all appurtenances, apparatus or equipment used in connection therewith, including boilers and pressure and process piping and including the installation of water, gas, storm and sanitary sewer lines, and for the mechanical installations of gas, water and sewage plants and substations. The scope of work of the plumbing contractor shall also include the installation, maintenance, repair, alteration or extension of air-piping, vacuum line piping, oxygen line piping, nitrous oxide piping, fire line standpipes and fire sprinklers, ink and chemical lines, gasoline piping and tank and pump installation (excepting bulk storage plants) and pneumatic control piping systems, all in such a manner as to comply with all plans, specifications, codes, laws and regulations applicable * * *. The scope of work of the plumbing contractor shall apply to private and public property, shall include any excavation work incidental thereto and shall include the work of the specialty plumbing contractors. He shall subcontract with a qualified contractor in the field concerned, all other work incidental to his work, but which is specified herein as being the work of a trade other than that of a plumbing contractor.” (Emphasis supplied).
Section 10-2 VII (A) prescribes the work of General Mechanical Contractors. This Section provides that:
“A GENERAL MECHANICAL CONTRACTOR is a mechanical contractor whose contracting business consists of the execution of contracts requiring the experience, financial means, knowledge and skill to install, maintain, repair, alter or extend air-conditioning, refrigeration, heating, ventilating, boiler and unfired pressure vessel systems, and all appurtenances, apparatus or equipment used in connection therewith, including the piping, duct work, insulation of pipes, ves-seis and ducts, pressre and process piping, pneumatic control piping, gasoline tank and pump installations, piping for gasoline tank and pump installations, fire sprinkler systems and standpipes, air piping, vacuumline piping, oxygen lines, nitrous oxide piping, ink and chemical lines, mechanical sections of sewage dis *73 posal and water treatment plants, installing a condensage drain from an air-conditioning unit to an existing safe waste or other approved disposal other than a direct connection to a sanitary system, all in süch a manner as to comply with all plans, specifications, codes, laws and regulations applicable. * * * His scope of work shall include any excavation work incidental thereto, but shall not include any work specified herein as being the work of a trade other than that of a mechanical contractor. * * * The scope of his work shall include the work of the specialty mechanical contractors, except the elevator and transporting assembly installation and maintenance and sarvice contractor. He shall sub-contract with a qualified contractor in the trade concerned, all other work incidental to his work, but which is specified herein as being the work of a trade other than that of a mechanical contractor.” (Emphasis supplied).
Thus, under the provision of the Code, Plumbing Contractors are limited to specified plumbing work and work incidental to such plumbing work; and General Mechanical Contractors are limited to specified mechanical work and work incidental to such mechanical work. Moreover, Plumbing Contractors and General Mechanical Contractors are not authorized to contract for construction work involving other building trades; such contractors are limited to their own work, and work incidental thereto.
Section 10-2 III (A) provides that:
“GENERAL BUILDING CONTRACTOR is a building contractor whose contracting business consists of the execution of contracts involving two or more trades * * * to construct and properly supervise, direct and coordinate the construction of buildings and other structures in such a manner as to comply with all plans, specifications, codes, laws and regulations applicable * * * The scope of work of the general contractor shall be unlimited as to height, area and complexity of the construction he undertakes. He shall sub-contract to a qualified contractor in the field concerned, all other work specified herein as being the exclusive work of a plumbing, electrical, mechanical or liquefied petroleum gas contractor, including the specialties and categories thereunder. A general contractor may do, contract for, and take out permits for the work of a general engineering contractor, room air conditioning contractor, and of any specialty building contractor as defined herein.”
Section 10-2 IV (A) provides that:
“GENERAL ENGINEERING CON-' TRACTOR is an engineering contractor whose contracting business consists of the execution of contracts involving two or more trades * * * to construct and properly supervise, direct and coordinate work in the engineering trade in such a manner as to comply with all plans, specifications, codes, laws and regulations applicable. The scope of work of the general engineering contractor shall be unlimited in the engineering trade field, except that his work in connection with utilities shall be considered to stop at a point five (S) feet from a building not specifically constructed for the purpose of pumping or processing pipe line products. He shall sub-contract to a qualified contractor in the field concerned, all other work specified herein as being the exclusive work of a plumbing, electrical, mechanical or liquefied petroleum gas contractor, including the specialties and categories thereunder. A general engineering contractor may do, contract for, and take out. permits for the work of a general btiilding contractor.’ (Emphasis supplied).
Thus, a General Building Contractor or a General Engineering Contractor is qualified to contract for construction work involving two or more building trades, and the scope of the work for which such clas- *74 sif¡cations of contractors are qualified to contract for, as prime contractor, is unlimited.
It is significant that the provisions of the Code expressly authorize a General Engineering Contractor to contract for construction work “involving two or more trades”, hut the Code does not authorize either a Plumbing Contractor or a General Mechanical Contractor to contract for construction work “involving two or more trades.” In Currie v. Stolowitz, 169 Cal.App.2d 810, 338 P.2d 208, 1959, somewhat similar provisions of a California statute regulating contractors were considered and construed by the court in this same manner.
It has oft-times been held that the rule “Expressio unius est exclusio alterius” is applicable in connection with statutory construction. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla.1952). Translated from the Latin, this means: express mention of one thing is the exclusion of another. It would seem to be applicable in this case.
We feel, therefore, that the lower court correctly construed the controlling provisions of Chapter 10 of the Code of Metropolitan Dade County. Under these provisions the appellant, Poole & Kent Co., as the holder of certificates of competency as a Plumbing Contractor and as a General Mechanical Contractor, is not qualified to bid and contract, as prime contractor, for construction of the site development of the South Campus of the Miami-Dade Junior College.
The lower court was correct in granting a permanent injunction against the Board of Public Instruction of Dade County from recognizing the bid of the appellant, Poole & Kent Co., and from awarding the contract for the said site development.
The decree of the lower court is affirmed.
Affirmed.