Ms. Joann G. Slay County Attorney Gadsden County Post Office Drawer 391 16 East Washington Street Quincy, Florida 32351
Dear Ms. Slay:
This is in response to your request for an opinion on substantially the following question:
 WHAT IS THE EFFECT OF CH. 85-415, LAWS OF FLORIDA, ON THE AUTHORITY OF GADSDEN COUNTY TO ENACT AND ENFORCE ORDINANCES REGULATING THE HOURS FOR SALE OF ALCOHOLIC BEVERAGES?
Section 1 of Ch. 85-415, Laws of Florida, provides as follows:
 No alcoholic beverages may be sold, consumed, served, or permitted to be served or consumed in any establishment in Gadsden County, which holds a license issued by the Division of Alcoholic Beverages and Tobacco of the Department of Business Regulation, between the hours of midnight and 7 a.m. of the following day, except that beer may be sold by the package only.
You have directed my attention to Gadsden County Ordinance No. 75-006, as amended by Gadsden County Ordinances Nos. 76-001 and 76-003, providing in Section 3(A) thereof that, as to unincorporated areas of Gadsden County,
 [i]t shall be unlawful for any alcoholic beverages, including wines and/or beer, to be sold, served, dispensed, consumed, or permitted to be served or consumed on the premises of any licensee operating under a valid license issued by the State of Florida — Division of Beverage between the hours of 2:00 A.M. each Sunday and 7:00 A.M. on the following Monday, and between the hours of 2:00 A.M. and 7:00 A.M. on all other days.
Additionally, Section 3(B) of Gadsden County Ordinance No. 75-006, as amended, further provides that, notwithstanding Section 3(A), certain "businesses and/or vendors . . . may sell beer and/or wine only for consumption off the premises between the hours of 7:00 A.M. each Sunday and 12:01 A.M. on the following Monday." Finally, the above ordinances provide certain exceptions for the New Year's Eve holiday. While this office must presume the validity of any duly adopted county ordinance until determined otherwise by a court of competent jurisdiction, it would appear that the following general comments as to the legal effect of Ch. 85-415, supra, are in order at this time in light of your inquiry.
This office has concluded on numerous occasions that counties not operating under county charters, such as Gadsden County, are granted broad powers of self-government not inconsistent with general or special law, pursuant to s. 125.01, F.S. (1984 Supp.), implementing the provisions of s. 1(f), Art. VIII, State Const. See, e.g., AGO's 83-67, 83-68, 75-252 and 73-197, all addressing various questions of county power with respect to regulation of alcoholic beverage sales or consumption. And see, s. 125.01(1)(o), F.S. (1984 Supp.), providing that, "[t]o the extent not inconsistent with general or special law," a county's governing body has the power to "[e]stablish and enforce regulations for the sale of alcoholic beverages in the unincorporated areas of the county pursuant to general law." See also, s. 562.14(1), F.S., providing that no alcoholic beverages may be sold, consumed, served, or permitted to be served or consumed in any place holding a license issued by the Division of Alcoholic Beverages and Tobacco of the Department of Business Regulation between the hours of midnight and seven a.m. of the following day "[e]xcept as otherwise provided by county or municipal ordinance."
Accordingly, Gadsden County has the authority to enact and enforce such ordinances regulating the hours for sale of alcoholic beverages as are not inconsistent with general or special law. See, Speer v. Olson, 367 So.2d 207 (Fla. 1978).
However, an ordinance may not conflict with any controlling provision of a state statute and, if any doubt exists, doubt is to be resolved against the ordinance in favor of the statute. Campbell v. Monroe County, 426 So.2d 1158, 1161 (3 D.C.A. Fla., 1983), citing to Rinzler v. Carson, 262 So.2d 661 (Fla. 1972), and City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (3 D.C.A. Fla., 1981). Moreover, a local governing body under home rule derives no authority therefrom to forbid what the Legislature has expressly authorized. See, Rinzler v. Carson, supra, at 668.
It would appear that your specific questions as to the effect of Ch. 85-415, Laws of Florida, on existing Gadsden County ordinances regulating the sale and consumption of alcoholic beverages are answerable by comparing such ordinances with the terms of the newly enacted special act and by application of the holdings of the Florida Supreme Court in the case of Boven v. City of St. Petersburg, 73 So.2d 232 (Fla. 1954). That case involved the effect of a special act of the Legislature providing uniform hours for the sale of alcoholic beverages in Pinellas County on the validity of an ordinance of the City of St. Petersburg. The preexisting ordinance prohibited the sale of alcoholic beverages by establishments in the city between the hours of either 12:05 A.M. or 2:00 A.M. and 6:00 A.M., depending on the day of the week and/or the time of year. The special act fixed the opening hour for sale of alcoholic beverages throughout Pinellas County at 8:00 A.M. The circuit court held that the ordinance was valid except to the extent of conflict with the special act as to the opening hour for the sale of alcoholic beverages. The Supreme Court affirmed and quoted at length from 6 McQuillin, Municipal Corporations s. 21.35 (3rd Ed.), which comments appear equally pertinent to your inquiry.
 "Statutes and ordinances are to be reconciled where possible and effect given to both. So long as a statute and ordinance on the same subject do not conflict, they both will stand or supplement each other merely. It is only in case of conflict between the public general law and an ordinance that the general law prevails over the ordinance. . . .
 "Before a court is *2517 justified in holding that an ordinance is superseded or void because in conflict with a state law, it must appear that it is in direct conflict with some particular state law. An ordinance is not superseded or prevailed over by a statute where there is no conflict and where their subjects are at most only incidentally related. . . . In particulars where the statute is silent the ordinance may speak.
 "So long as the ordinance, within the grant of municipal power, is within the statute on the same subject, that is, does not exceed it or is not inconsistent with it, there is no conflict in the sense of making the ordinance void. . . ."
Accordingly, it is my opinion that existing Gadsden County ordinances regulating the hours for sale of alcoholic beverages remain valid and in full force and effect, notwithstanding the enactment of Ch. 85-415, Laws of Florida, excepting only such provisions of those ordinances as may be in irreconcilable conflict with the terms of Ch. 85-415, supra. Although this office has no power or authority to declare the existence of any conflict between the statute and the ordinances or to effect the repeal or supersedure of such ordinances or any portions thereof, it would appear that, to the extent that the statute specifies different hours for the sale or consumption of alcoholic beverages, the statute would control. With respect to the ordinance prohibition on Sunday sales or consumption of alcoholic beverages, with the exception of beer and/or wine for consumption off premises during certain hours, it would further appear that the statute is silent on the subject, such that it has no effect on the validity and enforcement of the existing ordinance prohibition. However, since a local governing body cannot forbid what the Legislature has expressly authorized, and since Ch. 85-415, supra, provides that "beer may be sold by the package only" between the hours of midnight and seven a.m. of the following day without exception, it would appear that such authorization obtains each and every day of the week between such hours, notwithstanding Section 3(A) of Gadsden County Ordinance No. 75-006, as amended. See, Rinzler v. Carson, supra; Campbell v. Monroe County, supra.
In sum, then, and unless and until legislatively or judicially determined otherwise, it is my opinion that Gadsden County has the authority to enact and enforce such ordinances regulating the hours for sale of alcoholic beverages as are not inconsistent with general or special law, and that existing Gadsden County ordinances regulating the hours for sale of alcoholic beverages remain valid and in full force and effect, notwithstanding the enactment of Ch. 85-415, Laws of Florida, excepting only such provisions of those ordinances as may be in irreconcilable conflict with the terms of Ch. 85-415, supra, or which forbid what is otherwise expressly authorized by the terms of the special act.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General