To: Fred Baggett Attorney for Clerks of Circuit Courts
QUESTIONS:
1. Does the permit requirement of s. 501.022, F.S., as created by ch. 86-144, Laws of Florida, supersede and invalidate municipal and county ordinances requiring similar permits?
2. Is the Office of the Clerk of the Circuit Court an "authorized law enforcement agency" for purposes of s. 501.022(2)(i), F.S., as created by ch. 86-144, Laws of Florida?
3. What specific crimes or violations directly relate to the types of activities involved in home solicitation sales?
4. Should the word "may" as used in s. 501.022(4), F.S., as created by ch. 86-144, Laws of Florida, be considered permissive or mandatory?
SUMMARY:
Unless and until legislatively clarified or judicially determined otherwise:
1. The permit requirement of s. 501.022, F.S., as created by ch. 86-144, Laws of Florida, does not operate to supersede or invalidate municipal and county ordinances requiring similar permits in the absence of express legislative provision therefor or conflict between s. 501.022 and such ordinances.
2. The Office of the Clerk of the Circuit Court is not an "authorized law enforcement agency" for purposes of s.501.022(2)(i), F.S., as created by ch. 86-144, Laws of Florida.
3. Only those crimes and violations set forth in s. 501.055, F.S., as amended by ch. 86-144, Laws of Florida, directly relate to the types of activities involved in home solicitation sales.
4. The word "may" as used in s. 501.022(4), F.S., as created by ch. 86-144, Laws of Florida, should be considered permissive.
Section 501.022(1)(a), F.S., as created by s. 2, ch. 86-144, Laws of Florida, declares that "[i]t is unlawful for any person to conduct any home solicitation sale . . . without first obtaining a valid home solicitation sale permit as provided in this section." Section 501.022(1)(b), F.S., as created by s. 2, ch. 86-144, supra, excludes the persons enumerated therein from the operation of that section. See also s. 501.021(2), F.S., as amended by s. 1, ch. 86-144, defining "home solicitation sale" as used in ss.501.021-501.055, F.S., as amended. Applicants for permits shall file sworn applications in writing with the appropriate clerk of the circuit court. Section 501.022(2), F.S., as created by s. 2, ch. 86-144. Such application shall contain "[a] complete set of fingerprints taken by an authorized law enforcement agency." (Emphasis supplied.) Section 501.022(2)(i), F.S., as created by s. 2, ch. 86-144. Such fingerprints shall be submitted by the clerk to the Department of Law Enforcement for state processing, and a copy of the application shall be submitted to the sheriff for a local criminal background investigation. Section 501.022(3), F.S., as created by s. 2, ch. 86-144. Finally, as pertinent to your inquiry, s. 501.022(4)(a), F.S., as created by s. 2, ch. 86-144, provides that a clerk of the circuit court "may revoke, suspend, or deny the issuance of any home solicitation sale permit" (Emphasis supplied.) upon a determination that an applicant or permitholder has "[b]een convicted of or pleaded guilty or nolo contendere to any crime or violation in any jurisdiction, regardless of adjudication, which directly relates to the type of activities involved in home solicitation sales." (Emphasis supplied.) See also s. 501.022(4)(d), F.S., as created by s. 2, ch. 86-144 (authority to revoke, suspend or deny issuance of permit on determination that applicant or permitholder "[h]as failed in any material respect to comply with the provisions of ss. 501.021-501.055"). And see s. 6, ch. 86-144, providing that the act shall take effect October 1, 1986.
AS TO QUESTION 1:
You have not presented to this office any particular municipal or county ordinances requiring permits to conduct any home solicitation sale and imposing any official duty on any clerk of the circuit court, nor could this office declare any such presumptively valid municipal or county ordinances to be superseded or invalidated by the provisions of ch. 86-144, Laws of Florida, in the absence of clear and express legislative provision therein for such supersedure or invalidation. However, in light of the provisions of s. 501.022, F.S., imposing certain duties and responsibilities on the clerks of the circuit courts on whose behalf your inquiry is submitted, the following general comments are offered in response to your first question.
Chapter 86-144, Laws of Florida, contains no specific provision as to its effect on existing municipal and county ordinances requiring permits to conduct any home solicitation sale. Compare HB 475 (1986 Session), a similar bill, introduced during the same legislative session, to create or amend various provisions of ch. 501, F.S., relating to home solicitation sale permits, which was not enacted and which contained a specific provision declaring the intent of the Legislature to "supersede and nullify all county and municipal ordinances and codes dealing with the issuance of permits for home solicitation sales, door-to-door sales, and door-to-door canvassing or peddling," and further expressly providing that such ordinances and codes were to be thereby repealed. Section 166.021(1) and (3)(c), F.S., respectively provide in pertinent part that "municipalities . . . may exercise any power for municipal purposes, except when expressly prohibited by law" (Emphasis supplied.) and that a municipality's legislative body has the power to enact legislation concerning any subject matter upon which the state Legislature may act except "[a]ny subject expressly preempted to state or county government . . . by general law." (Emphasis supplied.) See also s. 125.01(1)(t), F.S., authorizing the legislative and governing body of a county to adopt ordinances "[t]o the extent not inconsistent with general or special law." Cf. s. 1(f) and (g) and s. 2, Art. VIII, State Const. This office has previously concluded that express statutory provisions operated to preempt regulation of certain professions to the state to the exclusion of local regulation. See AGO's 81-50 (real estate brokers, salesmen, and schools) and 76-219 (insurers, their agents and representatives). See also Tribune Company v. Cannella, 458 So.2d 1075 (Fla. 1984), appeal dismissed sub nom., DePerte v. Tribune Company, 105 S.Ct. 2315 (1985) (pervasive regulatory scheme of Public Records Act, ch. 119, F.S., preempted local regulation of access to public records since further local regulation presented danger of conflict with state law).
In the absence of an express provision within ch. 86-144, Laws of Florida, preempting or nullifying existing municipal and county ordinances relating to permitting requirements for home solicitation sales, such as the specific provision in unenacted HB 475, and unless legislatively clarified, this office is hesitant to conclude that such presumptively valid local ordinances are superseded or invalidated by the provisions of s. 501.022, F.S., as created by ch. 86-144, supra. Cf. ss. 475.001 ("Legislature deems it necessary . . . to regulate real estate brokers, salesmen, and schools in this state"), 624.401(3) ("state hereby preempts the field of regulating insurers and their agents and representatives"), and 119.01, F.S. ("policy of this state that all state, county, and municipal records shall at all times be open for a personal inspection by any person"), as discussed and relied upon respectively in AGO's 81-50 and 76-219, and in Tribune Company v. Cannella, supra.
However, to the extent that certain aspects of the legislative history of ch. 86-144 suggest that the Legislature may have intended to address problems relating to a multiplicity of local home solicitation sale permitting requirements, it would appear desirable for the Legislature to consider specific clarification of this issue. See, e.g., Florida Senate, Committee on Economic, Community and Consumer Affairs, Staff Analysis and Economic Impact Statement, CS/SB 665 (enacted into law as ch. 86-144), as revised September 16, 1986 (bill would not affect local occupational licensing power or local control over "time, place, and manner" of door-to-door sales); Sponsor's Statement, May 8, 1986, meeting of Senate Committee on Economic, Community and Consumer Affairs (tape on file with committee) (bill would require that, "statewide," counties be permitting agents for solicitation in view of existing situation where separate municipalities within single county had different permitting procedures). Absent such clarification, express provision therefor, or irreconcilable conflict between s.501.022 and any particular municipal or county ordinance, I am unable to conclude that any such ordinance is superseded or invalidated by the provisions of s. 501.022.
Generally, a municipal or county ordinance may not conflict with any controlling provision of a state statute. See City of Casselberry v. Orange County Police Benevolent Association,482 So.2d 336 (Fla. 1986); Campbell v. Monroe County, 426 So.2d 1158 (3 D.C.A.Fla., 1983); City of Miami Beach v. Rocio Corporation,404 So.2d 1066 (3 D.C.A.Fla., 1981), petition for review denied,408 So.2d 1092 (Fla. 1981); and AGO's 85-75 (county ordinance) and 86-24 (municipal ordinance). See also Rinzler v. Carson,262 So.2d 661 (Fla. 1972) (municipal ordinance may not forbid what state statute permits nor permit what statute forbids). As long as a statute and ordinance on the same subject do not conflict, they both will stand and supplement each other. Boven v. City of St. Petersburg, 73 So.2d 232 (Fla. 1954), citing 6 McQuillin Municipal Corporations s. 21.35 (3rd ed.).
Accordingly, unless legislatively clarified, I am unable to conclude that the permit requirement of s. 501.022, F.S., as created by s. 2, ch. 86-144, Laws of Florida, operates to supersede or invalidate municipal and county ordinances requiring similar permits in the absence of express legislative provision therefor or conflict between s. 501.022 and such ordinances.
AS TO QUESTION 2:
No provision of ch. 86-144, Laws of Florida, or of ch. 501, F.S., as amended, defines the phrase "authorized law enforcement agency" as used in s. 501.022(2)(i), F.S., as created by ch. 86-144, supra. Compare s. 934.02(10), F.S., defining "law enforcement agency" as used in ch. 934, F.S., as
 an agency of the state or a political subdivision thereof or of the United States if the primary responsibility of the agency is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state and if its agents and officers are empowered by law to conduct criminal investigations and to make arrests.
See generally Maietta v. New Jersey Racing Commission,459 A.2d 295 (N.J. 1983) (agency whose officers are authorized to make arrests, exercise powers of peace officers, and inspect and conduct warrantless searches of premises is "law enforcement agency"); Prince George's County v. State Commission on Human Relations, 392 A.2d 105 (Md.Ct.Sp.App., 1978) (law enforcement agency generally signified by power to make arrests). And see, e.g., ss. 790.001(8) and 943.10(1), F.S. (defining "law enforcement officer" in terms of, inter alia, authority to bear arms and to make arrests). I am not aware of any statutes which impose on the Office of the Clerk of the Circuit Court any authority, duty or responsibility with respect to the prevention or detection of crime or the enforcement of the penal, traffic, or highway laws of this state or which authorize the officers or employees of such offices to bear arms or to make arrests or to conduct criminal investigations, nor have you directed this office's attention to such a statute. Accordingly, I am unable to conclude that the Office of the Clerk of the Circuit Court is an "authorized law enforcement agency" for purposes of s.501.022(2)(i).
AS TO QUESTION 3:
Section 501.055, F.S., as amended by s. 5, ch. 86-144, Laws of Florida, sets forth the criminal penalties for offenses relating to home solicitation sales, providing in subsection (1) thereof that "[v]iolation of any of the provisions of ss. 501.025-501.047
is a misdemeanor of the first degree, punishable as provided in s.775.082, s. 775.083, or s. 775.084." See also s. 501.055(2) and (3), F.S., as created by ch. 86-144 (providing for certain criminal offenses relating respectively to conducting home solicitation sales without a valid permit and to applying for a permit). In the absence of legislative clarification as to precise crimes or violations "which directly relate to the type of activities involved in home solicitation sales," for purposes of the authority of the clerk of the circuit court to revoke, suspend, or deny issuance of any home solicitation sale permit pursuant to s. 501.022(4)(a), F.S., as created by s. 2, ch. 86-144, it would appear that only those crimes and violations set forth in s. 501.055, F.S., as amended by s. 5, ch. 86-144, directly relate to types of activities involved in home solicitation sales. See 26A C.J.S. Directly pp. 956-957 (word means in a direct manner, without intervention; not by any secondary, but by direct, means). The authority of the clerk to revoke, suspend, or deny issuance of a home solicitation sale permit, however, is not limited to only those applicants or permitholders who have been convicted of or pleaded guilty or nolo contendere to such crimes and violations. Compare s. 501.022(4)(a) with s. 501.022(4)(d), F.S., as created by ch. 86-144, providing for the clerk's authority to revoke, suspend, or deny issuance of a home solicitation sale permit if it is determined that an applicant or permitholder has "failed in any material respect to comply with the provisions of ss. 501.021-501.055." While subsection (4)(a) appears to reach convictions of or pleas of guilty or nolo contendere to those crimes and violations encompassed within the prohibitions of ss. 501.025-501.047 and501.055, F.S., as amended, subsection (4)(d) additionally operates upon noncompliance with any material provision of ss.501.021-501.055, F.S., as amended, whether or not a successful criminal prosecution has been concluded, including such civil proceedings as may be brought under the authority of s. 501.052, F.S.
AS TO QUESTION 4:
The word "may" in its ordinary and primary signification is a word of permission and is not a word of command. 57 C.J.S. May p. 457. See also 49 Fla.Jur.2d Statutes s. 18 ("may normally has permissive connotation). See Harper v. State, 217 So.2d 591 (4 D.C.A.Fla., 1968); Brooks v. Anastasia Mosquito Control District,148 So.2d 64 (1 D.C.A.Fla., 1963); AGO 85-2 (Legislature must be assumed to know that "may" when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word "shall"). Thus, s. 501.022(4), F.S., as created by ch. 86-144, Laws of Florida, appears to permit, but does not operate to require, a clerk of the circuit court to revoke, suspend, or deny the issuance of any home solicitation sale permit if it is determined that an applicant or permitholder falls within the terms of s. 501.022(4)(a), (b), (c) or (d), F.S., as created.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General