Mr. Herbert W.A. Thiele City Attorney City of Delray Beach 100 N.W. 1st Avenue Delray Beach, Florida 33444
Dear Mr. Thiele:
This is in response to your request for an Attorney General Opinion on the following question:
 IS A MUNICIPALITY AUTHORIZED, PURSUANT TO CHAPTER 166, FLORIDA STATUTES, TO ADOPT AN ORDINANCE INCREASING THE MINIMUM DOOR WIDTHS FOR INTERIOR DOORS IN ALL DWELLING UNITS INCLUDING SINGLE FAMILY UNITS AND DUPLEXES (IN ADDITION TO HOTEL ROOMS AND MOTEL ROOMS) IN LIGHT OF THE PROVISIONS AND REQUIREMENTS SET FORTH IN CHAPTER 553, PART V, FLORIDA STATUTES, RELATIVE TO ACCESSIBILITY BY HANDICAPPED PERSONS?
You state in your inquiry that there is some question regarding the effectiveness of the proposed ordinance as it deals primarily with whether or not a municipality under the Municipal Home Rule Powers Act, Ch. 166, F.S., may adopt such increased minimum building standards relative to interior doors and make them applicable to all dwelling units within the city, including single-family units and duplexes. In the preamble of the proposed ordinance it is stated that the city council has determined that it is in the public interest to require accessibility to all dwelling units, including single-family units and duplexes, within the unincorporated (sic) area of the municipality by residents and visitors including the handicapped. The preamble to the ordinance also recognizes that Part V, Ch. 553, F.S., exempts one and two family dwellings from compliance therewith. You have not provided and I am not otherwise advised of any provisions of the building code of the City of Delray Beach.
Although my research has revealed no judicial precedent or direction on this issue, it is my opinion, as discussed herein, that the regulation of building construction with regard to accessibility by handicapped persons to single-family dwellings and duplexes and other specified residential occupancies is preempted to the state. Pursuant to s 166.021(3)(c), F.S., a municipality is precluded from enacting legislation on any subject expressly preempted to state government by general law.
Section 553.73(1)(a), F.S., mandates the adoption by local governments of a building code which shall cover all types of construction. The provisions of Part V, Ch. 553, F.S., relating to accessibility by handicapped persons must be included in such building code. Section 553.73(1)(a), F.S. Local governments may provide more stringent requirements than those specified in the State Minimum Building Codes provided:
 (a) There is a determination by the local governing body of a need to strengthen the requirements of the State Minimum Building Codes adopted by such governing body, based upon demonstrations by the local governing body that local conditions justify more stringent requirements than those specified therein, for the protection of life and property; and
 (b) Such additional requirements are not discriminatory against materials, products, or construction techniques of demonstrated capabilities.
Section 553.73(3)(a)-(b), F.S. See also, s 553.79(4), F.S. Each municipality is responsible for enforcing the specific model code of the State Minimum Building Codes which has been adopted by that municipality. Section 553.73(5), F.S. And see, s 553.80, F.S., setting forth enforcement procedures to be utilized by local governmental entities in the enforcement of building codes. It is stated in s 553.79(3), F.S., that after the effective date of their adoption, the State Minimum Building Codes shall supersede all other building construction codes or ordinances in the state, whether at the local or state level and whether adopted by administrative regulation or by legislative enactment unless such building construction codes or ordinances are more stringent than the State Minimum Building Codes and the requirements of s553.73(3), F.S. (as set forth above) are met.
While the language of Part V, Ch. 553, F.S., does not expressly prohibit the adoption and enforcement by a municipality of an ordinance increasing minimum door widths in buildings subject to the act (see, ss 553.73[3] and 553.79[3], F.S.), in the absence of a finding of those factors set forth in s 553.73(3), F.S., the State Minimum Building Codes (including the provisions of Part V) shall supersede all other building construction codes or ordinances and shall be enforced by local governmental entities. Therefore, unless those factors outlined in s 553.73(3), F.S., are present, the provisions of the State Minimum Building Codes preempt any other such regulation.
Part V, Ch. 553, F.S., prohibits first floor or ground level licensed business establishments conducting business with the general public and to which the general public is invited from obstructing common or emergency entrances and exits so as to prevent a physically handicapped person from using the same and requires all new buildings (except those exempted pursuant to s 553.48[3] which the public may frequent, live in, or work in, to be made accessible as required by s 553.48, F.S. See, ss 553.46(1) and 553.48(2), F.S. The exceptions established by s 553.48(3), F.S., apply to the accessibility features required or new buildings (defined in subsection [1] to mean a building which is not under construction contract on October 1, 1974) but nothing in subsection (3) is to be construed to prohibit the incorporation of accessibility features in any buildings exempted by this subsection. Included within the exemptions in subsection (3) are single-family dwellings and duplexes. See, s 553.48(3)(f), F.S., which expressly exempts "single-family dwellings and duplexes" from the requirements of Part V, Ch. 553, F.S. In addition, certain residential occupancies are exempted from regulation under Part V. Two-story and three-story buildings with less than 49 units which have accessibility at habitable grade levels shall not be required to comply with the provisions of Part V, Ch. 553, F.S., at floors above such levels except where an elevator is provided. Section 553.48(3)(c), F.S. Buildings having accessibility at habitable grade levels where no elevator is provided shall not be required to comply with the requirements of Part V at floors above such levels if facilities which are normally sought and used by the public in such buildings are accessible to and usable by the physically handicapped at such habitable grade levels.
Section 553.48(3)(b), F.S. As expressly stated in s 553.48(3), F.S., the exceptions discussed herein apply to the accessibility features required of new buildings under this section and, pursuant to s 553.73(1)(a), F.S., shall be included in the building code to be adopted by local governmental entities.
In sum, the exemptions of s 553.48(3), F.S., for certain residential occupancies and buildings and for single-family dwellings and duplexes would be required, by s 553.73(1)(a), F.S., to be incorporated into the building code adopted by a municipality and, as such buildings and occupancies are specifically exempted, may not be regulated otherwise by municipalities. It is the rule that when the controlling law directs how a thing shall be done, that is, in effect, a prohibition against its being done in any other way. See, Alsop v. Pierce, 19 So.2d 799, 806 (Fla. 1944); cf., White v. Crandon,156 So. 303 (Fla. 1934). Any attempt by a municipality to enact and enforce an ordinance regulating those occupancies exempted by s 553.48(3), F.S., would violate the provisions of s 166.021(3)(c), F.S., which states that a municipal legislative body may not enact legislation concerning any subject expressly preempted to state government by general law. Such an enactment would also be in conflict with the express language of the statute providing exemptions from regulation. And see, City of Miami Beach v. Rocio Corp., 404 So.2d 1066, 1069 (3 D.C.A.Fla., 1981), pet. for rev. den., 408 So.2d 1092 (Fla. 1981), stating that either preemption of a subject by the state or conflict with state law would invalidate a municipal ordinance and quoting Rinzler v. Carson, 262 So.2d 661
(Fla. 1972), for the proposition that "[a] municipality cannot forbid what the legislature has expressly licensed, authorized or required, nor may it authorize what the legislature has expressly forbidden."
Therefore, it is my opinion, until legislatively or judicially determined otherwise, that to the extent that they are not exempted by s 553.48(3), F.S., buildings and residences may be more stringently regulated than is provided in Part V, Ch. 553, F.S., upon a determination that the factors set out in s553.73(3), F.S., are met. However, with regard to single-family dwellings and duplexes and other buildings and residences designated in s 553.48(3), F.S., as exempt from the accessibility features required of new buildings, a municipality may not enact conflicting legislation.
Further, the provisions of s 553.48(3), F.S., appear to constitute a preemption of the applicability of such requirements to particular new buildings and any attempt by a municipality to regulate in this area must fail. Accordingly, I am of the opinion that a municipality is not authorized to adopt an ordinance increasing the minimum door widths for interior doors in single-family dwellings and duplexes.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General