262 So.2d 661 (1972)
Leonard RINZLER, Appellant,
v.
Dale CARSON, Appellee.
No. 41065.
Supreme Court of Florida.
May 3, 1972.
*663 Joseph M. Glickstein, Jr., Jacksonville, for appellant.
James C. Rinaman, Jr., David U. Tumin and J. Edward Wall, Jacksonville, for appellee.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., as amicus curiae.
MASON, Circuit Judge.
This is a direct appeal under the provisions of Section 4(2) of Article V of the Constitution of the State of Florida, F.S.A., from a summary final judgment of the Circuit Court of the Fourth Judicial Circuit in and for Duval County. We are asked to review the judgment on the assumption that in and by it the trial court initially passed upon the constitutionality of Section 790.221, Florida Statutes of 1969, F.S.A.
The judgment below was entered in a replevin suit wherein the appellant (plaintiff below) filed suit to recover possession of "One Model MP 40, 9mm Erma Sub-Machine Gun, Serial No. 3040."
The litigation arose from a rather peculiar and interesting state of facts. The appellant was the owner of the firearm in question and had registered it in accordance with the provisions of the National Firearms Act of 1968. He kept it in his place of business at 527 Main Street in the City of Jacksonville, Florida, and on or about September 2, 1969, a certain individual threatened to kill him with a deadly weapon. To protect himself, the appellant fired the submachine gun at his assailant's feet. As a result of the incident the appellee (defendant below), Sheriff of Duval County, arrested him on a charge of aggravated assault and simultaneously took possession of the gun in question. Subsequently, appellant was charged with aggravated assault in the Municipal Court of Jacksonville and with assault with the intent to commit murder in the Criminal Court of Record of Duval County. Both of these prosecutions terminated in favor of the appellant with the pending charges being dismissed. The state prosecution was nol prossed on June 5, 1970. The appellee sheriff had seized the gun to be used as evidence against the appellant under the provisions of Section 790.08, Florida Statutes, F.S.A. Following the dismissal of all charges against the appellant he made demand upon the appellee for the return of the gun.
After the arrest of the appellant and the seizure of the gun by the Sheriff and before *664 the dismissal of the charges against appellant the Legislature of the State of Florida enacted Section 790.221, Florida Statutes, F.S.A., which became law on October 1, 1969. This section makes it "unlawful for any person to own or to have in his care, custody, possession or control any short-barreled rifle, short-barreled shotgun, or machine gun which is, or may readily be made, operable." There is expressly excepted from the provisions of this section "antique firearms" and "firearms in violation hereof which are lawfully owned and possessed under the provisions of federal law... ." It is conceded that the firearm is not an antique firearm within the definition of that term as defined by the aforesaid statute. Upon receipt of the demand for the return of the weapon the appellee sheriff refused to return the gun, citing as his reason therefor the enactment of Section 790.221, Florida Statutes, F.S.A., which became effective subsequent to his seizure of the gun, and also advising appellant that he has no right of possession in the gun, not only by virtue of the statute, but also by virtue of an ordinance of the City of Jacksonville, which made it unlawful for any person to possess, use, keep or store any submachine gun within the City of Jacksonville.
Upon the refusal of the sheriff to return the weapon to him appellant filed this replevin action on July 23, 1970. In his complaint, which is the usual and customary form of a replevin complaint, appellant alleges that he is lawfully entitled to the possession of the gun in question and that the appellee sheriff had possession and detained it from him in Duval County, Florida. The complaint is sworn to by appellant as plaintiff. To the complaint the appellee sheriff filed an answer in which he denied appellant's right of possession and also denied that he was in possession of the property at the time of the institution of the suit.
Replevin is a possessory action and the plaintiff must establish his right of possession as of the time of the filing of his suit. Whether he was entitled to the possession of the gun in question depends upon his right of possession at the time of filing the suit, which in turn is dependent on whether the gun was outlawed at that time.
When this appeal was first filed in this Court we had doubt as to our jurisdiction because the judgment of the trial court was in general terms and did not specifically state that the basis of the court's decision was a determination that appellant had no right of possession to the gun in question because of the operation of Section 790.221. That is to say, it was not evident from a perusal of the trial court's summary judgment that the court reached its conclusion by passing upon the constitutionality of the statute. Being in doubt as to whether the trial judge passed upon the validity of the statute, we temporarily relinquished jurisdiction to him for him to enter an order advising this Court specifically whether he had passed on the validity of the statute. The trial judge has by advisory order informed us that he did specifically and directly pass upon and upheld the validity of the statute, and that it was only through inadvertence that specific reference thereto was not included in the summary judgment. He further stated that his judgment in favor of the appellee and against the appellant was because of the prohibition contained in Florida Statute 790.221, F.S.A. Consequently, we have jurisdiction under the express provision of Section 4(2), Article V of the Florida Constitution of 1968 to review the trial court's judgment.
It is the position of the appellee that the judgment of the trial court may be upheld on the theory that the appellant failed to prove an essential allegation of his complaint, namely: that the appellee sheriff was in physical possession of the weapon in question at the time of the filing of the replevin suit. This position of appellee is predicated upon his assumption that the affidavits filed by him in support of his motion for summary final judgment in *665 which he denied physical possession of the weapon, stating that it was in the physical possession of the State Attorney of the Circuit, are not controverted, and that, therefore, there was no justiciable issue of fact upon the question of physical possession. He, therefore, concludes that the summary final judgment can be upheld without resort to a determination of the constitutionality of the statute.
This position of the appellee is untenable for the reason that although appellant filed no opposing affidavits he has sworn to his complaint. In such sworn complaint appellant expressly alleges that appellee (defendant below) has physical possession of and detains the property from appellant (plaintiff below) in Duval County, Florida. Inasmuch as the motion for summary judgment is predicated upon the pleadings as well as the affidavits the sworn complaint raises a justiciable issue on the question of physical possession. We have held that a plaintiff's verified complaint must be accorded equal dignity with affidavits accompanying a defendant's motion for summary judgment and must be treated as a counter-affidavit. Booth v. Board of Public Instruction of Dade County, Fla., 1953, 67 So.2d 690. Therefore, the trial court's judgment cannot be upheld on the theory that there was no justiciable issue of fact in the record.
Appellant contends that the statute, if applicable to the facts before the Court, is unconstitutional because it infringes upon his right to keep and bear arms granted or preserved to him by the provisions of Section 8 of the Florida Declaration of Rights contained in the Constitution of 1968. With this contention we cannot agree, and we concur with the trial court that the statute in question is a valid exercise of the police power of the state.
The weapon in question is described in the application for registration under the National Firearms Act as being a submachine gun. The statute in question, if applicable to this case, defines a "machine gun" as being "any firearm, as defined herein, which shoots, or is designed to shoot, automatically or semi-automatically, more than one shot without manually reloading, by a single function of the trigger." The term "firearm" is defined as being "any weapon (including a starter gun) which will, or is designed to or may readily be converted to, expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun." The record before the trial court establishes that the weapon in question is a machine gun within the definition of the statute. The Court takes judicial knowledge of the fact that a submachine gun is a hand-bearing machine gun as distinguished from a machine gun which is fired from a mount resting upon the ground.
Since this statute is of recent enactment, this Court has as yet not passed upon its constitutionality. The District Court of Appeal, Second District, in an opinion rendered February 2, 1972, (State of Florida v. Astore, Fla., 258 So.2d 33) upheld the constitutionality of that portion of this same statute which makes it unlawful for any person to own or have in his possession or control any "short-barreled rifle" as against the contention that the statute is an unreasonable and unconstitutional prohibition against hand guns of all sorts made from rifle parts. Although the Legislature may not entirely prohibit the right of the people to keep and bear arms, it can determine that certain arms or weapons may not be kept or borne by the citizen. We have specifically held that the Legislature can regulate the use and the manner of bearing certain specific weapons. In Nelson v. State, 195 So.2d 853 (1967) we held constitutional Section 790.23, Florida Statutes, F.S.A., which makes it unlawful for a convicted felon to have in his possession a pistol, sawed-off rifle, or sawed-off shotgun. In Davis v. State, 146 So.2d 892 (1962) we held valid Section 790.05, Florida Statutes of 1961, which *666 made it a criminal offense for any person to carry around with him or to have in his manual possession a pistol, Winchester rifle or other repeating rifle in a county without a license from the county commissioners. In Carlton v. State, 63 Fla. 1, 58 So. 486 (1912) we upheld as valid against the contention that it unlawfully infringed upon the right of the citizen to bear arms a statute of this State which made it unlawful to carry concealed weapons.
In each of the four cited cases there is inherent in the holding of this Court the proposition that the right to keep and bear arms is not an absolute right, but is one which is subject to the right of the people through their legislature to enact valid police regulations to promote the health, morals, safety and general welfare of the people. It seems to us to be significant that the type of firearms, the possession of which is outlawed by Section 790.221, Florida Statutes, F.S.A., is that weapon which is too dangerous to be kept in a settled community by individuals, and one which, in times of peace, finds its use by a criminal. The Supreme Court of Michigan in People v. Brown, 253 Mich. 537, 235 N.W. 245, upheld a statute very similar to the one under attack. The Court noted that the list of weapons outlawed by the statute including machine guns was a partial inventory of the arsenal of the public enemy and the gangster, and included weapons with which the gangster wars on the State, and were not such weapons which by common opinion and usage by law-abiding people are proper and legitimate to be kept upon private premises for the protection of persons and property. To like effect is the holding of the Court of Criminal Appeals of Texas in Morrison v. State, 170 Tex.Cr.R. 218, 339 S.W.2d 529.
We hold that the Legislature may prohibit the possession of weapons which are ordinarily used for criminal and improper purposes and which are not among those which are legitimate weapons of defense and protection and protected by Section 8 of the Florida Declaration of Rights. A machine gun, particularly a hand-barreled one, which is, or which may readily be made, operable, is peculiarly adaptable to use by criminals in the pursuit of their criminal activities. The Legislature may in the exercise of the police power of the State make its possession or ownership unlawful.
The definition of the term "machine gun" used in the statute as being "any firearm, as defined herein, which shoots or is designed to shoot, automatically or semi-automatically, more than one shot, without manually reloading, by a single function of the trigger," could be construed to prohibit any person owning or possessing any semi-automatic hand gun. But such a construction might run counter to the historic constitutional right of the people to keep and bear arms. We cannot believe that it was the intention of the Legislature in enacting this statute to attempt to deny such right, and it is our duty in construing the statute to preserve its constitutionality, if reasonably possible. We, therefore, hold that the statute does not prohibit the ownership, custody and possession of weapons not concealed upon the person, which, although designed to shoot more than one shot semi-automatically, are commonly kept and used by law-abiding people for hunting purposes or for the protection of their persons and property, such as semi-automatic shotguns, semi-automatic pistols and rifles.
We reject as without merit the contention of appellant that the adding of the word "keep" to the phrase concerning the right of the people to bear arms as now contained in Section 8 of the Declaration of Rights has specific significance such as to make inapplicable the decisions of this Court concerning the power of the Legislature to regulate the manner of bearing arms. It is evident that the purpose of adding this word to the phrase is to bring the protection in line with the phraseology used in the Second Amendment to the Constitution of the United *667 States. The Supreme Court of the United States has held, in construing that amendment, that the right of the people to keep and bear arms is not infringed by the prohibition of state statutes which make it unlawful to possess certain kinds of firearms. Presser v. Illinois, 116 U.S. 252, 6 S.Ct. 580, 29 L.Ed. 615. The statute is not per se unconstitutional.
Although the statute is a valid exercise of the police power of the state, we hold that under the facts as presented to the trial court the statute is not applicable. Subsection (3) of the statute expressly excepts from the operation of the statute "firearms in violation hereof which are lawfully owned and possessed under provisions of federal law." The gun in question was registered under the National Firearms Act (Chapter 53, Title 26, Internal Revenue Code) and was, therefore, lawfully owned and possessed under the provision of federal law prior to and at the time of its seizure by the appellee herein, and at the time of the institution of this suit. The gun was registered under that statute of the United States in December, 1968, prior to the enactment of Section 790.221, Florida Statutes, F.S.A. It is true that the registration with the federal authorities did not insulate its possession against a state statute which outlaws such possession or ownership. This is true because it is specifically provided in the registration certificate that the registration does not permit the registrant to possess the firearm in violation of state or local law. Were it not for the specific exception contained in subsection (3), supra, the possession by the appellant would be unlawful. But the Legislature in enacting the statute specifically excepts from its operation weapons lawfully owned and possessed under the provision of federal law. It would be second guessing on our part to surmise why the Legislature put this exception into the statute. It would seem reasonable, however, that the Legislature would want to exempt from the penalties of the statute weapons owned and possessed by an ordinary law-abiding citizen, whose such law-abiding character may be inferred from the fact that such citizen took the trouble to register his weapon with the proper federal authority. It is reasonable to assume that a person owning such weapon with criminal intent would not register the same, thereby according an opportunity for his identity to become known if such weapon is later found to have been involved in a criminal offense.
We believe that subsection (3) clearly exempts the gun in question from the penal operation of subsections (1) and (2) of the statute. But if the language of subsection (3) is ambiguous, such ambiguity must be resolved in favor of the person sought to be penalized under the statute. 30 Fla.Jur., Statutes, Section 125, Page 229.
We hold that the right of possession of the appellant herein to the weapon in question as of the time of the filing of the replevin suit was not foreclosed by the operation of Section 790.221, Florida Statutes, F.S.A.
The final question to be resolved is whether the right of possession of the appellant at the time of the institution of this suit is affected by the operation of Jacksonville City Ordinance Section 26-69 which was in effect at the time that the appellant registered his gun with the federal authorities and at the time of the institution of this suit. This ordinance makes it unlawful for any person to use, keep or store any machine gun, submachine gun or similar firearm within the City of Jacksonville. The ordinance provides that it shall not apply to the United States Army, Navy, National Guard, or any duly constituted authorized law-enforcement officer of the United States Government, the State of Florida, or the City.
It is clear that the provisions of the ordinance are contrary to the statute for the reason that the statute excepts *668 from its operation firearms which are lawfully owned and possessed under provisions of federal law. Municipal ordinances are inferior in stature and subordinate to the laws of the state. Accordingly, an ordinance must not conflict with any controlling provision of a state statute, and if any doubt exists as to the extent of a power attempted to be exercised which may affect the operation of a state statute, the doubt is to be resolved against the ordinance and in favor of the statute. A municipality cannot forbid what the legislature has expressly licensed, authorized or required, nor may it authorize what the legislature has expressly forbidden. 23 Fla.Jur., Municipal Corporations, Section 93, p. 116; State ex rel. Baker v. McCarthy (1936) 122 Fla. 749, 166 So. 280; Wilton Manors v. Starling (1960, Fla.App.), 121 So.2d 172; Baltimore v. Sitnick, 254 Md. 303, 255 A.2d 376. In order for a municipal ordinance to prohibit that which is allowed by the general laws of the state there must be an express legislative grant by the state to the municipality authorizing such prohibition. McQuillin, Municipal Corporations, Vol. 5, Section 15.20. Furthermore, the Legislature in adopting the Revised Statutes of 1969, which includes Chapter 790 dealing with the subject of weapons and firearms, has declared (Section 790.25(1)) it to be the policy of the Legislature not only that it is necessary to promote firearm safety and to curb and prevent the use of firearms and other weapons in crime and by incompetent persons, but also that the lawful use in defense of life, home and property and for other lawful purposes is not to be prohibited. And in Section 790.25(4) the Legislature has declared that this section shall supersede any law, ordinance or regulation in conflict therewith. It is evident, therefore, that the city ordinance relied upon by the appellee does not and cannot supersede the exception contained in subsection (3) of Section 790.221, and that the ordinance cannot constitute the basis for confiscation of the appellant's weapon.
In summary we hold
(1) That Section 790.221, Florida Statutes, F.S.A., is constitutional;
(2) The same does not make the possession of the weapon in question by the appellant unlawful for the reason that he owns and possessed it under provisions of federal law, and
(3) Jacksonville City Ordinance, Section 26-69, does not have the effect of prohibiting the appellant's right in and to said weapon because it conflicts with an express exception of Section 790.221, Florida Statutes, F.S.A.
The summary final judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.
It is so ordered.
ROBERTS, C.J., and BOYD, McCAIN and DEKLE, JJ., concur.
CARLTON, J., agrees to conclusion.
ERVIN, J., concurs in part and dissents in part.
ERVIN, Justice (concurring in part and dissenting in part).
I agree to the opinion except insofar as it appears to hold that registration by a private citizen of a machine gun under the National Firearms Acts lifts the prohibition of the state statute against its possession.