PER CURIAM.
American Eastern Investment Corporation appeals an order and final judgment entered in favor of Baring Industries on Baring’s counterclaim for replevin. We reverse.
It is well settled that an action for re-plevin may only be brought when the party bringing the action is entitled to immediate possession of the property in question. See Rinzler v. Carson, 262 So.2d 661 (Fla. 1972). Furthermore, the holder of a chattel mortgage does not have a right to immediate possession of the mortgaged property upon default; rather, the mortgage creates a lien on the property which may be acquired by judicial foreclosure. Martyn v. First Federal Savings and Loan Association of West Palm Beach, 257 So.2d 576 (Fla. 4th DCA 1971). Thus, in the instant case the trial court erred in ruling that Baring Industries, the holder of the chattel mortgage, was entitled to replevin. Our reversal is without prejudice to Baring Industries bringing an action for foreclosure, provided, that such an action would otherwise be allowable under the statute of limitations and other relevant statutes governing foreclosure actions. Additionally, the validity of Baring Industries’ mortgage, the priority of the liens of the parties and the effect of the landlord’s waiver would remain to be determined in such action.
REVERSED.
DOWNEY and WALDEN, JJ., concur.
GARRETT, J., dissents with opinion.