# POWERS v STATE OF FLORIDA
## Case No. CJAP89-95
Ninth Judicial Circuit, Orange County

September 25, 1990

### APPEARANCES OF COUNSEL

**Office of the Public Defender,** for appellant.

**Office of the State Attorney,** for appellee.

Before STROKER, FORMET, SPRINKEL, JJ.

### OPINION OF THE COURT

R. JAMES STROKER, Circuit Judge.

This is an appeal from the trial court's denial of a motion to suppress based upon a claim of a pretextual stop and a motion to dismiss based on the constitutionality of the City of Orlando ordinance mandating the use of a bell or gong on bicycles.

The Appellant, Mark Powers was riding his bicycle to work about 7:00 A.M. on June 30, 1989. He was not endangering anyone or violating any laws other than riding his bike without a bell or gong. He was stopped by an officer of the Orlando Police Department and placed under arrest for not having a bell on his bicycle. A search incident to the arrest revealed a small quantity of cannabis on his person.

Chapter 10, § 10.08 of the Ordinances of the City of Orlando provides:

"No person shall ride a bicycle on the streets of the City without having a bell or gong with which to warn pedestrians and drivers of vehicles at street crossings." Section 1.08 of the same Municipal Code makes a violation of the bell ordinance punishable as a second degree misdemeanor. ($500. fine or 60 days in jail or both)

Mr. Powers asserted below that the initial stop was invalid as pretextual and that the bell ordinance conflicted with state law regulating the use of bicycles.

Because similar issues have been raised in numerous cases a three judge panel was organized to hear the issues and arguments.

Chapter 316.2065 of the Florida Statutes is entitled "Bicycle Regulations" and contains all regulations enacted by the State governing bicycles. Chapter 316.008(11) of the Florida Statutes expressly reserves for local authorities the power to otherwise regulate the operation of bicycles within the reasonable exercise of their police powers and not in conflict with the statutes.

The state legislature has declared that all violations of its bicycle regulations are "civil traffic infractions" and are punishable only by payment of a civil fine, upon issuance of a uniform traffic citation. Section (11) of the State regulations provides:

A person propelling a bicycle upon and along a sidewalk, or across roadway upon and along a crosswalk, shall yield the right-of-way to any pedestrian *and shall give an audible signal* before overtaking and passing such pedestrian. (emphasis added)

While the state statute makes a violation of this and all other bicycle regulations a civil infraction, the city ordinance makes it *a crime* to fail to attach a particular audible signaling device to the bicycle. This places the ordinance in conflict with the controlling provisions of a state statute. A City ordinance cannot declare criminal that which state statute has placed in the category of civil infraction. *Rinzler v Carson,* 262 So.2d 661 (Fla. 1972).

The question of whether the enactment of the bell ordinance is a reasonable exercise of the police powers of local government presents an even more compelling argument against the legislation. By making it a crime to operate a bicycle without a bell the City has made wholly innocent conduct the subject of criminal prosecution. It has provided the police with unfettered power to arrest and search citizens engaging in ordinary and customary behavior with no unlawful intent. It has created an ordinance which is susceptible to arbitrary and discriminatory enforcement. Both the United States and Florida Constitutions guarantee all persons the right of due process of law, equal protection of the law, and freedom from unreasonable search and seizure. The Florida Constitution goes even further in guaranteeing all persons the ". . .right to be let alone and free from governmental intrusion into his private life. . ." Florida Constitution Article I, § 23.

While the City of Orlando may have some legitimate interest in supplementing existing bicycle regulations, it cannot accomplish this goal by adversely impacting the fundamental rights and freedoms of its citizens.

For all of the foregoing reasons the Court finds Chapter 10, § 10.08 to be in violation of the Constitution of the State of Florida and the Constitution of the United States and unenforceable.

As to the motion to suppress the defendant argued the stop was pretextual. The trial court denied the motion. The evidence reveals that the arresting officer was on drug patrol when he first observed Mr. Powers about 75 to 100 feet away. He immediately decided to stop Mr. Powers even though it was not until he was right beside him before he noticed whether or not the bicycle had a bell. Although Mr. Powers was ostensibly stopped, arrested and searched for a bell violation it is illustrative that he was never charged with that violation. The state has clearly failed to meet its burden to show that a reasonable officer, under the facts and circumstances presented, would have stopped Mr. Powers absent an illegitimate and unfounded motivation to search him for drugs. The stop was clearly pretextual. The lower Court's denial of the Motion to Suppress is reversed.

The trial court's orders denying the motions to dismiss and suppress are reversed and this case is remanded to the trial court for proceedings consistent with this order.

DONE AND ORDERED in Chambers, at Orlando, Orange County, Florida this 25th day of September, 1990.