Mr. Fred S. Disselkoen City Attorney City of Ormond Beach Post Office Box 277 Ormond Beach, Florida 32175-0277
Dear Mr. Disselkoen:
The City of Ormond Beach has asked substantially the following question:
Does s. 721.25, F.S., preempt the City of Ormond Beach from enforcing a code provision which prohibits time-share use in a residential district?
In sum:
While a city may regulate the nature and use of time-share property by zoning, s. 721.25, F.S., precludes a city from enforcing a local ordinance or regulation which discriminates against time-share property.
You state that the City of Ormond Beach has adopted a Land Development Code which allows time-share use in specific commercial and business districts, while prohibiting such use in any residential district. Information provided to this office indicates that properties in a residential development in the city have been offered for sale as both whole ownership and time-share ownership. The issue has arisen whether the city's ordinance may be enforced to preclude time-share ownership in the residential area or whether the ordinance is preempted by s. 721.25, F.S.
Generally, the purposes of Ch. 721, F.S., are: to give statutory recognition to real property time-shares and personal property time-shares in Florida; to establish procedures for the creation, sale, exchange, promotion, and operation of time-share plans; and to subject every time-share plan in this state to the chapter's terms.[1]
Section 721.25, F.S., provides:
All laws, ordinances, and regulations concerning buildings or zoning shall be construed and applied with reference to the nature and use of the real estate time-share property, without regard to the form of ownership. (e.s.)
The plain language of the statute states that a municipal zoning ordinance or building regulation may only be applied so as to affect the nature and use of a particular property, without reference to the form of ownership.
A "time-share plan" means any arrangement, plan, scheme, or similar devise, other than an exchange program, whether by membership, agreement, tenancy in common, sale, lease, deed, rental agreement or by any other means, whereby a purchaser, in exchange for a consideration receives ownership rights in or a right to use accommodations or facilities, or both, for a period of time less than a full year during any given year, but not necessarily for consecutive years. (e.s.) Thus, Ch. 721, F.S., gives recognition to the time-share form of ownership and seeks to protect such ownership from restrictions other than those imposed on whole ownership property.[2] It would appear, therefore, that s. 721.25, F.S. allows time-share ownership anywhere, as long as the nature and use of the property are consistent with the zoning which applies to the area in which the time-share is located. While this may lead to undesirable situations, such as here, where owners f residential property do not wish to have time-share property in their neighborhood, any changes to the statute would need to be addressed legislatively.
Municipalities have the power to regulate the use of land and buildings within prescribed districts through zoning.[3] Zoning is generally defined as the division of a municipality into districts and the regulation of buildings within such districts according to the nature and extent of their use or the regulation of land according to its nature and use.[4] "Uses" subject to zoning include, "residential, business, occupational, professional and industrial uses."[5] You have not stated, nor is there any indication, that the time-shares in the instant situation allow a use contrary to the residential nature of the area.
While a municipality may enact zoning ordinances and regulations, a legislative enactment on the same subject matter controls.[6] Therefore, to the extent a municipal ordinance conflicts with a state statute in regard to the application of zoning laws to time-share property, the municipal ordinance must fail.[7] In this instance, the ordinance prohibits time-share ownership in areas zoned for residential use only. To the extent it attempts to regulate the type of ownership of such property, the ordinance conflicts with s. 721.25, F.S., and would be unenforceable. The broad language of s. 721.25, F.S., operates to allow time-share ownership in otherwise traditionally wholeownership areas. While this interpretation may lead to undesirable results, such as time-share units in a single family residential neighborhood, any changes to the language of s. 721.25, F.S., to restrict time-share ownership would have to be addressed legislatively.
Accordingly, s. 721.25, F.S., precludes a city from enforcing a local ordinance or regulation based upon the fact that the ownership of the property is on a time-share basis, when the nature and use of the subject property otherwise conforms to the existing zoning and building codes and ordinances.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 721.02, F.S.
[2] See, Staff Analysis, House Judiciary Committee, CS/HB 1068, April 6, 1981, in which it was explained that the proposed legislation would preclude a particular zoning ordinance from singling out time-share property, but would apply to all property used for transient occupancy.
[3] See, s. 2(b), Art. VIII, State Const., granting municipalities the authority to exercise any power for municipal purposes except as otherwise provided by law.
[4] See, generally, 7 Fla.Jur.2d, Building, Zoning, and Land Controls s. 53, pp. 450-451.
[5] Part IV(A.) McQuillin Municipal Corporations (3rd Ed. Revised) s. 25.119, p. 462.
[6] See, Rinzler v. Carson, 262 So.2d 661 (Fla. 1972) (municipality may not forbid what the Legislature has expressly authorized, nor may it authorize what the Legislature has expressly forbidden).
[7] See, City of Miami Beach v. Rocio Corp., 404 So.2d 1066, 1069
(3 D.C.A. Fla., 1981) (municipal ordinances are inferior to state law and must fail when conflict arises).