Mr. Philip E. Perrey Attorney and Counselor at Law Blake Park — Suite 5939 5939 17th Avenue West Bradenton, Florida 34209
Dear Mr. Perrey:
As special counsel to the Ethics Commission for the Town of Longboat Key, you ask substantially the following questions:
1. Is the Ethics Commission for the Town of Longboat Key an "other appropriate local official" for purposes of processing complaints under the "Whistle-blower's Act" in section 112.3188, Florida Statutes?
2. May disclosure of a complainant's identity be required as a condition of processing a "whistleblower's" complaint by the Town Ethics Commission?
In sum:
1. The Ethics Commission for the Town of Longboat Key would be considered within the scope of an "other appropriate local official" or the staff of such official for purposes of maintaining the confidentiality of the identity of an individual filing a complaint under the "Whistle-blower's Act" in section112.3188, Florida Statutes.
2. The Ethics Commission for the Town of Longboat Key may not require an individual to sign a waiver of confidentiality as a condition of processing a complaint under the "Whistle-blower's Act," in light of the statute's terms making the identity of the complainant confidential as an integral part of the process.
Since your two questions are interrelated, they will be answered together.
The code of the Town of Longboat Key provides the procedure for processing complaints filed with the Town Ethics Commission. The town's ethics commission was created to administer the town's code of ethics by conducting investigations and making public reports on all complaints concerning breaches of public trust by town officers and employees. The commission may also recommend corrective action and impose sanctions.[1] Under the procedure in place, a written sworn complaint is filed with the town clerk, who then presents the complaint to the Town Ethics Commission. The town's code provides that the identity of the complainant must be disclosed.[2]
Section 39.12(H)(1) of the town's code states:
Upon the filing with the Town Clerk of a written, sworn complaint of any person concerning ethics, the Town Clerk shall present the complaint to the Ethics Commission. Within five days after receipt of a complaint by the Commission, a copy shall be transmitted to the alleged violator. The Ethics Commission shall investigate any alleged violation of this chapter in accordance with procedures set forth herein. All proceedings, the complaint, and other records relating to the preliminary investigation as provided herein, including a dismissal of the complaint, shall be open to the public. . . . (e.s.)
Thus, under the procedure for handling complaints for violations of the town's code, the name or identity of the complainant is made public. In light of the confidentiality provisions in Florida's "Whistle-blower's Act,"[3] the enforceability of the town's disclosure requirements is questioned.
The Whistle-blower's Act (act) is intended to prevent agencies or independent contractors from taking retaliatory action against an employee who reports violations of law on the part of a public employer or independent contractor. It further protects any individual who discloses information to an appropriate agency alleging an improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee.[4] The act provides that for disclosures concerning a local governmental entity, such as a municipality, the information must be disclosed to a chief executive officer as defined in section 447.203(9), Florida Statutes,[5] or "other appropriate local official."[6] Moreover, the information may be disclosed to the staff of these officials and retain its confidential status.
While the term "other appropriate official" is not defined in the act and its singular tense has raised the question of whether it may apply to a collegial body such as an ethics commission, the act clearly recognizes that the confidential information gathered during the processing of a complaint may be shared with others and still maintain its confidential status.[7] To read the act otherwise would render its confidentiality provisions useless and negate the protections afforded to individuals who come forward with complaints.
Section 112.3188(2)(b), Florida Statutes, provides:
All information received by a local chief executive officer or appropriate local official or information produced or derived from fact-finding or investigations conducted pursuant to the administrative procedure established by ordinance by a local government as authorized by s. 112.3187(8)(b) is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution, if the information is being received or derived from allegations as set forth in paragraph (1)(a) or paragraph (1)(b) and an investigation is active. . . .
Information deemed confidential under the act
may be disclosed by the . . . local chief executive officer, or other appropriate local official receiving the information if the recipient determines that the disclosure of the information is absolutely necessary to prevent a substantial and specific danger to the public's health, safety, or welfare or to prevent the imminent commission of a crime. Information disclosed under this subsection may be disclosed only to persons who are in a position to prevent the danger to the public's health, safety, or welfare or to prevent the imminent commission of a crime based on the disclosed information.[8]
The act makes the willful and knowing disclosure of information or records a misdemeanor of the first degree if those records are made confidential under its terms.[9]
Thus, by enactment of the Whistle-blower's Act, the Legislature has provided a clearly defined procedure for local governments to process complaints against governmental entities and public officials or employees. The plain terms of the act require that the name or identity of an individual making a complaint be protected from public disclosure and that information received by the governing body be confidential.
The act recognizes that local governments will establish by ordinance an administrative procedure to investigate and process complaints, but there is no authority for a municipality to impose additional restrictions or to alter the terms of the Whistle-blower's Act such that information made confidential by the act would be open to the public. While a municipality may legislate on the same subjects as the state unless expressly preempted or prohibited, such concurrent legislation may not conflict with state law.[10] Moreover, a municipality may not forbid what the Legislature has expressly authorized or required, nor may it allow what the Legislature has expressly forbidden.[11]
Thus, it is my opinion that the Town of Longboat Key may not make public the name or identity of a complainant under the Whistle-blower's Act except as provided therein. Moreover, the Ethics Commission for the Town of Longboat Key may not require a complainant to sign a waiver of confidentiality before accepting a whistle-blower's complaint for processing.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 39.12(A), Longboat Key — Code of Ethics.
[2] See, s. 39.12(H)(1), Longboat Key — Code of Ethics.
[3] Sections 112.3187-112.31895, Fla. Stat. (1995).
[4] See, s. 112.3187(2), Fla. Stat. (1995).
[5] Section 447.203(9), Fla. Stat. (1995), states that "[c]hief executive officer' for the state shall mean the Governor and for other public employers shall mean the person, whether elected or appointed, who is responsible to the legislative body of the public employer for the administration of the governmental affairs of the public employer."
[6] Section 112.3187(6), Fla. Stat. (1995).
[7] See, Senate Staff Analysis and Economic Impact Statement, Senate Bill 530, March 20, 1995. Cf., Op. Att'y Gen. Fla. 85-99 (1985), in which this office concluded that the term "chief executive officer" could include a duly appointed labor negotiating committee such that discussions between the committee and the governing body relative to collective bargaining negotiations would be exempt from the public meetings law as provided under state statute.
[8] Section 112.3188(2)(c), Fla. Stat. (1995).
[9] Section 112.3188(2)(c)4., Fla. Stat. (1995).
[10] See, Thomas v. State, 614 So.2d 468 (Fla. 1993) and City of Miami Beach v. Rocio Corporation, 404 So.2d 1066 (Fla. 3d DCA 1981), review denied, 408 So.2d 1092 (Fla. 1981) (although municipalities and state may legislate concurrently in areas not expressly preempted to the state, municipality's concurrent legislation must not conflict with state law).
[11] See, Rinzler v. Carson, 262 So.2d 661, 668 (Fla. 1972) (municipality cannot forbid what the Legislature has expressly licensed, authorized or required, nor may it authorize what has been expressly forbidden).