Mr. James P. Beadle Attorney for City of Satellite Beach 5205 Babcock Street, Northeast Palm Bay, Florida 32905
Dear Mr. Beadle:
As attorney for the City Council for the City of Satellite Beach, you have asked for my opinion on substantially the following question:
Is the City of Satellite Beach authorized to adopt an ordinance pursuant to section 316.008(1)(s), Florida Statutes, that would permit skateboards to be used upon streets within the city's jurisdiction and provide for their regulation on those streets?
In sum:
The City of Satellite Beach may adopt ordinances regulating the safe and orderly use of skateboards or other toy vehicles on the sidewalks within the city's jurisdiction pursuant to section 316. 2065(10), Florida Statutes, but the regulation of skateboards on streets within the city's jurisdiction is preempted by section 316. 2065(12), Florida Statutes.
Chapter 316, Florida Statutes, is the "Florida Uniform Traffic Control Law."[1] The purpose for adopting this law is expressed in section 316.002, Florida Statutes:
"It is the legislative intent in the adoption of this chapter to make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities. The Legislature recognizes that there are conditions which require municipalities to pass certain other traffic ordinances in regulation of municipal traffic that are not required to regulate the movement of traffic outside of such municipalities. Section 316.008 enumerates the area within which municipalities may control certain traffic movement or parking in their respective jurisdictions. This section shall be supplemental to the other laws or ordinances of this chapter and not in conflict therewith. It is unlawful for any local authority to pass or to attempt to enforce any ordinance in conflict with the provisions of this chapter."
The stated rationale for the act is to "make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities."[2]
Municipal ordinances are inferior to laws of the state and must not conflict with any controlling provision of a statute. As the Florida Supreme Court stated in Rinzler v. Carson,[3] "[a] municipality cannot forbid what the legislature has expressly licensed, authorized or required, nor may it authorize what the legislature has expressly forbidden." Although municipalities and the state may legislate concurrently in areas that are not expressly preempted by the state, a municipality's concurrent legislation must not conflict with state law.[4]
Municipalities are authorized in section 316.008, Florida Statutes, to enact supplemental measures to "control certain traffic movement or parking in their respective jurisdictions."[5]
Pursuant to section 316.008(1)(s), Florida Statutes, local governments are authorized to "[r]egulat[e] persons upon skates, coasters, and other toy vehicles[.]"[6] With the exception of the regulations permitted by section 316.008, Florida Statutes, local governments are specifically prohibited from passing or attempting to enforce any ordinance in conflict with the provisions of Chapter 316, Florida Statutes.[7] You have asked whether section316.008(1)(s), Florida Statutes, would provide authority for the City of Satellite Beach to permit and regulate skateboards on city streets.
Section 316. 2065(12), Florida Statutes, specifically prohibits the use of roller skates or other toy vehicles on a roadway:
"No person upon roller skates, or riding in or by means of any coaster, toy vehicle, or similar device, may go upon any roadway except while crossing a street on a crosswalk; and, when so crossing, such person shall be granted all rights and shall be subject to all of the duties applicable to pedestrians."
For purposes of the act a "roadway" is defined as "[t]hat portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder."[8]
Thus, the statute prohibits the use of a skateboard, as a toy vehicle, on any roadway except for the limited purpose of crossing a street within a crosswalk.
However, section 316. 2065(10), Florida Statutes, provides:
"A person propelling a vehicle by human power upon and along a sidewalk, or across a roadway upon and along a crosswalk, has all the rights and duties applicable to a pedestrian under the same circumstances."
A sidewalk is "[t]hat portion of a street between the curbline, or the lateral line, or a roadway and the adjacent property lines, intended for use by pedestrians."[9] Thus, while section 316. 2065(12), Florida Statutes, prohibits the use of a skateboard or other toy vehicle on any roadway, subsection (10) acknowledges the use of human powered vehicles, such as skateboards, on sidewalks and requires anyone propelling such a toy vehicle to behave responsibly and obey rules and regulations applicable to pedestrians.
Although municipalities and the Legislature may enact laws concurrently in areas not expressly preempted to the state,[10]
the prohibition contained in section 316. 2065(12), Florida Statutes, constitutes a complete preemption. The language of the statutory section is clear and unequivocal, "[n]o person . . . may go upon any roadway" (e.s.) with a toy vehicle such as a skateboard except to cross in a crosswalk.[11]
However, I would note that the City of Satellite Beach may consider adopting regulations for the orderly and safe use of skateboards on city sidewalks pursuant to section 316. 2065(10), Florida Statutes. As discussed herein, a municipality may legislate concurrently in areas not expressly preempted to the state, although such legislation may not conflict with state law.[12] The language of section 316. 2065(10), Florida Statutes, would appear to lend itself to local regulation, as that section does not create a total preemption of the subject but rather extends the rights and imposes the duties of a pedestrian to anyone propelling such a vehicle upon and along a sidewalk.
Therefore, it is my opinion that the City of Satellite Beach may not adopt an ordinance permitting the use of skateboards on streets within the city's jurisdiction since such regulation is preempted by section 316. 2065(12), Florida Statutes.[13] However, the City of Satellite Beach may adopt ordinances regulating the safe and orderly use of skateboards or other toy vehicles on the sidewalks within the city's jurisdiction pursuant to section 316. 2065(10), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 316.001, Fla. Stat.
[2] Section 316.002, Fla. Stat.
[3] 262 So.2d 661, 668 (Fla. 1972).
[4] City of Miami Beach v. Rocio Corporation, 404 So.2d 1066
(Fla. 3d DCA 1981), pet. for rev. den., 408 So.2d 1092 (Fla. 1981).
[5] Supra at n. 2.
[6] Section 316.008(1)(s), Fla. Stat.
[7] Section 316.002, Fla. Stat. And see, Thomas v. State,614 So.2d 468, 470 (Fla. 1993).
[8] Section 316.003(42), Fla. Stat.
[9] Section 316.003(47), Fla. Stat., defines the term "[s]idewalk."
[10] See, City of Miami Beach v. Rocio Corporation, supra at n. 4; Wyche v. State, 619 So.2d 231, 237 (Fla. 1993).
[11] Cf., 3A C.J.S. Any p. 899 et seq., (word applies to every individual part without distinction; when appropriate to the context, "any" has been held to mean "any and all," "all or every," "each").
[12] City of Miami Beach v. Rocio, supra at n. 4.
[13] But see, section 316. 2065(13), Fla. Stat., which authorizes the designation of certain streets as "play streets."