Ms. Cynthia A. Everett Pinecrest Village Attorney 2600 Douglas Road Douglas Centre, Suite 1100 Coral Gables, Florida 33134
Dear Ms. Everett:
You ask substantially the following question:
May the governing body of the Village of Pinecrest enact an ordinance requiring hands-free headsets for the operation of cellular telephones being used while driving a motor vehicle within the village boundaries?
In sum:
Since Chapter 316, Florida Statutes, does not regulate or otherwise address the operation of cellular telephones while driving, local governments may regulate the operation of such devices while driving without being in conflict with Chapter 316. In fact, a municipal ordinance requiring hands-free headsets for the operation of cellular telephones while driving a motor vehicle would appear to be consistent with the one reference to cellular telephones within the Florida Uniform Traffic Control Law.
Chapter 316, Florida Statutes, is the "Florida Uniform Traffic Control Law."[1] Section 316.002, Florida Statutes, expresses the legislative intent for adopting this law, stating:
"It is the legislative intent in the adoption of this chapter to make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities. The Legislature recognizes that there are conditions which require municipalities to pass certain other traffic ordinances in regulation of municipal traffic that are not required to regulate the movement of traffic outside of such municipalities. Section 316.008 enumerates the area within which municipalities may control certain traffic movement or parking in their respective jurisdictions. This section shall be supplemental to the other laws or ordinances of this chapter and not in conflict therewith. It is unlawful for any local authority to passor to attempt to enforce any ordinance in conflict with theprovisions of this chapter." (e.s.)
Section 316.007, Florida Statutes, provides that the provisions of Chapter 316, Florida Statutes, shall be applicable and uniform throughout the state and "no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized." (e.s.)
In light of the above provisions, this office has, for example, concluded in Attorney General Opinion 80-80 that a municipality did not have the authority to prohibit riding or driving of horses or the driving of animal-drawn vehicles on the public streets of the municipality since the definition of "traffic" for purposes of Chapter 316, Florida Statutes, specifically included "ridden or herded animals, and . . . conveyances either singly or together while using any street or highway for purposes of travel." Similarly, in Attorney General Opinion 93-22 this office stated that commercial horse-drawn carriages could not be banned by a local government since such carriages were subject to the State Uniform Traffic Control Law, Chapter 316, Florida Statutes, which specified the type of equipment required on animal-drawn vehicles.[2]
Chapter 316, Florida Statutes, however, does not address the use of cellular telephones while operating a motor vehicle. The only reference to cellular telephones in Chapter 316 is in section316.304, which generally prohibits the wearing of headsets, headphones, or other listening devices while operating a vehicle. The statute provides an exception for a person using a headset in conjunction with a cellular telephone that only provides sound through one ear and allows surrounding sounds to be heard with the other ear.[3]
Municipal ordinances are inferior to laws of the state and must not conflict with any controlling provision of a statute. As the Florida Supreme Court stated in Rinzler v. Carson,[4] "[a] municipality cannot forbid what the legislature has expressly licensed, authorized or required, nor may it authorize what the legislature has expressly forbidden." However, the state has not expressly authorized the operation of cellular telephones while operating a motor vehicle; rather the statutes are silent on this. Municipalities and the state may legislate concurrently in areas that are not expressly preempted by the state provided that a municipality's concurrent legislation does not conflict with state law.[5]
Accordingly, I am of the view that since Chapter 316, Florida Statutes, does not regulate or otherwise address the operation of cellular telephones while driving, local governments may regulate the operation of such devices while driving without being in conflict with Chapter 316. In fact, a municipal ordinance requiring hands-free headsets for the operation of cellular telephones while driving a motor vehicle would appear to be consistent with the one reference to cellular telephones within the Florida Uniform Traffic Control Law, at section 316.304, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 316.001, Fla. Stat.
[2] And see, e.g., Ops. Att'y Gen. 95-13 (1995) (city may not enact an ordinance that makes the failure to wear a safety belt while operating a vehicle on city streets a primary offense since Legislature has expressly mandated in s. 316.614(9), Fla. Stat., that enforcement of the safety belt law by local governments is only by means of a secondary action when the driver of a vehicle has been detained for a suspected violation of another section of Chs. 316, 320 or 322, Fla. Stat.) and 77-84 (1977) (municipalities are not authorized to require that motor-propelled bicycles or moped operators and riders wear protective headgear and eye-protective devices, while operating or riding such bicycle/mopeds within the city limits since the manner and places of their operation, equipment required thereon, and equipment, if any, for the operators or riders thereof is governed by s. 316.111, Fla. Stat., and other related statutes).
[3] Section 316.304(2)(d), Fla. Stat.
[4] 262 So.2d 661, 668 (Fla. 1972).
[5] See, City of Miami Beach v. Rocio Corp., 404 So.2d 1066
(Fla. 3d DCA 1981), pet. for rev. den., 408 So.2d 1092 (Fla. 1981).