Ms. Elizabeth M. Hernandez Coral Gables City Attorney Post Office Box 141549 Coral Gables, Florida 33114-1549
Dear Ms. Hernandez:
You ask substantially the following question:
May the City of Coral Gables use the building permit and inspection fees imposed pursuant to section 166.222, Florida Statutes, to construct a building that would in part house the city's Building and Zoning Department?
In sum:
The City of Coral Gables may not use the building permit and inspection fees imposed pursuant to section 166.222, Florida Statutes, to construct a building that would in part house the city's Building and Zoning Department.
Section 166.222, Florida Statutes, authorizes a municipality to adopt a schedule of reasonable inspection fees in order to defer the costs of inspection and enforcement of provisions of a municipal building code.
In Attorney General Opinion 89-28 this office considered whether a charter county could use the inspection fees collected pursuant to section 125.56(2), Florida Statutes, to defray the costs associated with the comprehensive plan. Like section 166.222, Florida Statutes, subsection (2) of section 125.56 authorizes a board of county commissioners to "provide a schedule of reasonable inspection fees in order to defer the costs of inspection and enforcement of . . . any building code adopted pursuant to the terms of this act."[1] This office concluded that the costs of implementing the comprehensive plan, while related to and complementing the implementation of section 125.56, are not costs incurred to enforce the provisions of section 125.56 or the building code adopted thereunder. Thus, based upon the express terms of the statute, this office concluded that inspection fees imposed pursuant to section 125.56 could not be used to implement the county's comprehensive plan.
In an earlier informal opinion to the then-Secretary of the Department of Community Affairs,[2] this office noted that the primary purpose of building codes and regulations is to protect the health, safety and general welfare of the residents of a municipality or county and thus fall within the police power granted to local governments. Recognizing that the courts had held that a levy of taxes under the guise of exercising the police power to raise revenue was not permissible,[3] this office cautioned local governments to not impose inspection fees greater than the amount needed to defray the costs of such inspection and enforcement of the building code. Thus, inspection fees levied by a building department should not be greater than necessary to defray the costs of such inspection and enforcement lest, by charging a fee in excess of the actual cost of administration, the excess portion of the fee actually constitutes an unauthorized and unlawful tax in violation of the Florida Constitution.[4]
While Attorney General Opinion 89-28 considered a county's authority to expend its building inspection funds, the limitation on the inspection fees for counties in section 125.56(2), Florida Statutes, is substantially similar to that contained in section166.222, Florida Statutes. Both statutes provide that the fees imposed are to defray the costs of inspection and enforcement of the building code. While the construction of a municipal building that will house, among other city agencies, the city's building department may be related to and complement the implementation of section 166.222, it is does not appear to be a cost incurred to inspect and enforce the provisions of its building code.
It is clear that municipal ordinances are inferior and subordinate to state law. Thus, an ordinance may not conflict with any controlling provision of a state statute. If any doubt exists as to the degree of power attempted to be exercised that may affect the operation of a state statute, the doubt must be resolved in favor of the statute and against the ordinance.[5]
Accordingly, I am of the opinion that the City of Coral Gables may not use the building permit and inspection fees imposed pursuant to section 166.222, Florida Statutes, to construct a building that would in part house the city's building and zoning department.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 125.56(1), Fla. Stat., authorizing a board of county commissioners to adopt a building code for the safe construction, alteration, and repair of any building within its territory outside the corporate limits of any municipality.
[2] Informal Opinion to Secretary Edward J. Trombetta, Department of Community Affairs, dated January 18, 1974.
[3] See, e.g., Atkins v. Philips, 8 So. 429 (Fla 1890); City ofPanama City v. State, 60 So.2d 658 (Fla. 1952).
[4] See, Art. VII, s. 1, Fla. Const., stating that "[n]o tax shall be levied except in pursuance of law." Cf., Contractors Builders Association v. City of Dunedin, 329 So.2d 314 (Fla. 1976) (absent specific constitutional or statutory authority, revenues exacted from a private entity for the privilege of using municipal services must be earmarked to cover expenses occasioned directly by extending service to that entity). And see,Commonwealth Edison Co. v. Montana, 453 U.S. 609, 621-622,101 S.Ct. 2946, 2955, 69 L.Ed.2d 884, 896-897 (1981), which distinguished between a tax and a user fee, defining a tax as providing revenue for the general support of the government, while defining a user fee as imposing a specific charge for the use of publicly-owned or publicly-provided facilities or services.
[5] See, City of Miami Beach v. Rocio Corporation,404 So.2d 1066 (Fla. 3d DCA 1981), pet. for rev. den., 408 So.2d 1092 (Fla. 1981); Rinzler v. Carson, 262 So.2d 661 (Fla. 1972).