Mr. C. David Coffey Cedar Key City Attorney Haile Village Center 5346 Southwest 91st Terrace Gainesville, Florida 32608-7124
Dear Mr. Coffey:
You ask substantially the following questions:
1. May the City of Cedar Key impose a minimum age requirement for the operation of a golf cart more restrictive than that allowed by section 316.212, Florida Statutes?
2. May the city require the operator of a golf cart to have a valid Florida driver's license?
In sum:
While the City of Cedar Key may restrict the operation of golf carts on city streets where such operation is found to be incompatible with the normal and safe movement of traffic, the city may not impose more restrictive age requirements upon operators of golf carts than that allowed by state law, nor may the city require a golf cart operator to have a valid Florida driver's license.
You state that historically the City of Cedar Key has allowed the operation of golf carts on city streets, imposing certain age and other restrictions on the drivers. In light of state statutes addressing the operation of golf carts on city streets, however, the authority of the city to impose more restrictive regulations on golf cart operators has been raised. Due to the interrelated nature of your questions, they will be answered together.
Chapter 316, Florida Statutes, the Florida Uniform Traffic Control Law, was enacted to "make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities."[1] The purpose of the act was to eliminate the "hodgepodge of ordinances which vary as to language and penalty," resulting in an inconvenience and hazard to travelers.[2]
The provisions of Chapter 316, Florida Statutes, are "applicable and uniform throughout this state and in all political subdivisions and municipalities therein, and no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expresslyauthorized."[3] (e.s.) This office has previously stated that Chapter316, Florida Statutes, operates to prohibit any local legislation on traffic control or the enforcement thereof under the police power of a municipality, except as may be expressly authorized by the Uniform Traffic Control Law.[4]
Section 316.006(2)(a), Florida Statutes, provides:
"Chartered municipalities shall have original jurisdiction over all streets and highways located within their boundaries, except state roads, and may place and maintain such traffic control devices which conform to the manual and specifications of the Department of Transportation upon all streets and highways under their original jurisdiction as they shall deem necessary to indicate and to carry out the provisions of this chapter or to regulate, warn, or guide traffic."
In enacting Chapter 316, Florida Statutes, the Legislature also recognized that there are conditions that require municipalities to pass certain traffic ordinances regulating municipal traffic that are not required to regulate the movement of traffic outside of municipalities.[5] Section 316.008, Florida Statutes, expressly recognizes areas in which local authorities may exercise control with respect to the streets and highways under their jurisdiction and within the reasonable exercise of the police power. Among those areas enumerated is the power to restrict the use of streets and to prohibit or regulate the use of heavily traveled streets by any class or kind of traffic found to be incompatible with the normal and safe movement of traffic.[6]
While municipalities have home rule powers to act upon any matter for municipal purposes, municipal ordinances are inferior to laws of the state and must not conflict with any controlling provision of a statute.[7] As the Florida Supreme Court stated in Rinzler v. Carson,[8] "[a] municipality cannot forbid what the legislature has expressly licensed, authorized or required, nor may it authorize what the legislature has expressly forbidden." Section 316.212, Florida Statutes, generally prohibits the operation of golf carts upon public streets or roads, except upon those designated by a county or city for use by golf carts. The county or city, however, is responsible for making the determination that golf carts may safely travel on or cross the public street or road, after considering the speed, volume, and character of the motor vehicle traffic using the street or road. Moreover, any person operating a golf cart in accordance with section 316.212, Florida Statutes, is exempt from the requirement of a driver's license.[9] The Legislature, however, has prohibited the operation of a golf cart on public roads or streets by any person under the age of fourteen.[10]
Where the Legislature prescribes the manner in which something is to be done, it acts as a prohibition against its being done in any other way.[11] In this instance, the Legislature has specified who may operate a golf cart on the public roads and streets of this state. Thus, a municipality may not prohibit the operation of a golf cart by a person who falls within those classifications of individuals who the state allows to operate golf carts.
Accordingly, while the City of Cedar Key may restrict the operation of golf carts on city streets where such operation is determined to be incompatible with the normal and safe movement of traffic, the city may not impose a more restrictive age requirement for the operation of a golf cart than that which is allowed by section 316.212, Florida Statutes, nor may the operator be required to have a valid Florida driver's license.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 316.002, Fla. Stat.
[2] See, the preamble to Ch. 71-135, Laws of Florida, creating Ch. 316, Fla. Stat.
[3] Section 316.007, Fla. Stat. See, s. 316.002, Fla. Stat., stating that it is unlawful for any local authority to pass or attempt to enforce any ordinance in conflict with the provisions of Ch. 316, Fla. Stat.
[4] See, Ops. Att'y Gen. Fla. 01-06 (2001), 98-62 (1998) and 98-15 (1998).
[5] Section 316.002, Fla. Stat.
[6] Section 316.008(1)(g) and (n), Fla. Stat.
[7] See, City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (Fla. 3d DCA 1981), pet. for rev. den., 408 So.2d 1092 (Fla. 1981).
[8] 262 So.2d 661, 668 (Fla. 1972).
[9] Section 322.04(1)(e), Fla. Stat.
[10] Section 316.212(6), Fla. Stat.
[11] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (where Legislature has prescribed the mode, that mode must be observed).