Dear Mr. Pritt:
You ask substantially the following question:
May the City of Naples adopt an ordinance banning riders in the beds of pick-up and flat-bed trucks without proper restraints?
Chapter 316, Florida Statutes, the Florida Uniform Traffic Control Law,[1] was adopted "to make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities."[2] While the chapter was enacted to eliminate the "hodgepodge of ordinances which vary as to language and penalty,"[3] there are instances where the Legislature has recognized that municipalities may control traffic movement or parking.[4] The statute provides, however, that "[i]t is unlawful for any local authority to pass or to attempt to enforce any ordinance in conflict with the provisions of this chapter."[5] Thus, this office has concluded that absent express authorization under the Uniform Traffic Control Law, Chapter 316 constitutes a prohibition on local legislation on the subjects of traffic control and enforcement.[6]
Several portions of the Florida Uniform Traffic Control Law address the use of seat belts and restraints, as well as allowing persons to ride in the back of a pickup or flatbed truck. For instance, section316.613, Florida Statutes, requires certain restraints for children as follows:
"(1)(a) Every operator of a motor vehicle as defined herein, while transporting a child in a motor vehicle operated on the roadways, streets, or highways of this state, shall, if the child is 5 years of age or younger, provide for protection of the child by properly using a crash-tested, federally approved child restraint device. For children aged through 3 years, such restraint device must be a separate carrier or a vehicle manufacturer's integrated child seat. For children aged 4 through 5 years, a separate carrier, an integrated child seat, or a seat belt may be used."
Section 316.614(3)(c), Florida Statutes, defines "[r]estrained by a safety belt" as "being restricted by an appropriately adjusted safety belt which is properly fastened at all times when a motor vehicle is in motion." Subsection (4) of the statute makes it unlawful for any person:
"(a) To operate a motor vehicle in this state unless each passenger and the operator of the vehicle under the age of 18 years are restrained by a safety belt or by a child restraint device pursuant to s. 316.613, if applicable; or
(b) To operate a motor vehicle in this state unless the person is restrained by a safety belt."
Moreover, it is unlawful for any person 18 years of age or older to be a passenger in the front seat of a motor vehicle unless such person is restrained by a safety belt when the vehicle is in motion.[7]
It would appear that the above-cited statutory provisions relate only to the wearing of safety belts while riding within a vehicle. Section316.2015, Florida Statutes, however, speaks to instances where a person may be riding on the exterior of a vehicle as follows:
"(1) It is unlawful for any operator of a passenger vehicle to permit any person to ride on the bumper, radiator, fender, hood, top, trunk, or running board of such vehicle when operated upon any street or highway which is maintained by the state, county, or municipality. Any person who violates this subsection shall be cited for a moving violation, punishable as provided in chapter 318.
(2)(a) No person shall ride on any vehicle upon any portion thereof not designed or intended for the use of passengers. This paragraph does not apply to an employee of a fire department, an employee of a governmentally operated solid waste disposal department or a waste disposal service operating pursuant to a contract with a governmental entity, or to a volunteer firefighter when the employee or firefighter is engaged in the necessary discharge of a duty, and does not apply to a person who is being transported in response to an emergency by a public agency or pursuant to the direction or authority of a public agency. This paragraph does not apply to an employee engaged in the necessary discharge of a duty or to a person or persons riding within truck bodies in space intended for merchandise.
(b) It is unlawful for any operator of a pickup truck or flatbed truck to permit a minor child who has not attained 18 years of age to ride upon limited access facilities of the state within the open body of apickup truck or flatbed truck unless the minor is restrained within the open body in the back of a truck that has been modified to include secure seating and safety restraints to prevent the passenger from being thrown, falling, or jumping from the truck. This paragraph does not apply in a medical emergency if the child is accompanied within the truck by an adult. A county is exempt from this paragraph if the governing body of the county, by majority vote, following a noticed public hearing, votes to exempt the county from this paragraph.
(c) Any person who violates this subsection shall be cited for a nonmoving violation, punishable as provided in chapter 318.
(3) This section shall not apply to a performer engaged in a professional exhibition or person participating in an exhibition or parade, or any such person preparing to participate in such exhibitions or parades." (e.s.)
Thus, the Legislature has acknowledged a distinction between the exterior of a vehicle, i.e, the bumper, radiator, fender, hood, top, trunk, or running board, where it is unlawful to allow a person to ride and the open body of a pickup or flatbed truck where it is required that a person under the age of 18 be secured by safety restraints when riding on limited access facilities of the state. No other provision of the Uniform Traffic Control Law has been found or brought to this office's attention that otherwise requires persons 18 years of age or older to wear safety restraints when riding in the open body of a pickup or flatbed truck.
In light of the provisions in Chapter 316, Florida Statutes, this office, for example, has concluded in Attorney General Opinion 80-80 that a municipality did not have the authority to prohibit riding or driving of horses or the driving of animal-drawn vehicles on its public streets since the definition of "traffic" for purposes of the chapter specifically includes "ridden or herded animals, and . . . conveyances either singly or together while using any street or highway for purposes of travel." Similarly, in Attorney General Opinion 93-22, this office stated that commercial horse-drawn carriages could not be banned by a local government since such carriages were subject to the State Uniform Traffic Control Law, Chapter 316, Florida Statutes, which specified the type of equipment required on animal-drawn vehicles.
In Attorney General Opinion 03-58, this office addressed a city's authority to place more restrictive regulations on the operation of golf carts on streets and roads. The proposed regulations included requiring the use of safety belts and prohibiting the operation of such carts by persons under the age of 16 unless accompanied by a licensed driver. Finding that Chapter 316, Florida Statutes, enumerates the safety equipment and other restrictions, such as the age of the operator, that may be applied to golf carts, the opinion concluded that the city was precluded from requiring additional safety equipment or imposing more restrictive operational requirements for golf carts operating within its jurisdiction.
Given that the Legislature has addressed the use of seat belts and safety restraints, as well as circumstances under which persons must be restrained when riding in the open body of a pickup and flatbed truck, it is my opinion that the Uniform Traffic Control Law preempts local legislation on this subject. Therefore, the City of Naples may not adopt an ordinance banning riders in the beds of pickup and flatbed trucks without proper restraints.[8]
Sincerely,
 Bill McCollum, Attorney General
BM/tals
[1] See s. 316.001, Fla. Stat., providing the short title for the act.
[2] Section 316.002, Fla. Stat., setting forth the Legislature's intent in adopting Ch. 316, Fla. Stat.
[3] See Preamble to Ch. 71-135, Laws of Fla., creating Ch. 316, Fla. Stat.
[4] See s. 316.008, Fla. Stat., enumerating the powers of local authorities.
[5] Section 316.002, Fla. Stat.
[6] See Ops. Att'y Gen. Fla. 03-58 (2003), 01-06 (2001), 98-62 (1998), and 98-15 (1998).
[7] Section 316.614(5), Fla. Stat.
[8] See Rinzler v. Carson, 262 So. 2d 661, 668 (Fla. 1972) (municipality cannot forbid what the Legislature has expressly licensed, authorized or required, nor may it authorize what the Legislature has expressly forbidden; municipal ordinances are inferior to laws of the state and must not conflict with any controlling provision of a statute).