Sergeant Sanford P. Lopater City of Atlantis Police Department 260 Orange Tree Drive Atlantis, Florida 33462
Dear Sergeant Lopater:
On behalf of Chief Robert G. Mangold, you ask substantially the following question:
Is the operation of a golf cart on the public streets of a golf course community subject to the child restraint requirements in section 316.613, Florida Statutes, and the safety belt requirements in section 316.614, Florida Statutes, when the governing body of the community has authorized the operation of golf carts on such streets?
You state that the City of Atlantis is a golf course community where a large number of residents use golf carts as a means of transportation. The golf carts are allowed to operate on all city streets by city ordinance.[1] The police department, however, is concerned about the operation of golf carts by children under the age of 16 and the operation of carts by adults with young children who are not restrained by safety devices.
Section 316.212, Florida Statutes, prohibits the operation of golf carts on the public roads or streets of this state, except under specified conditions. One of the exemptions is where a municipality has designated city streets upon which such carts may be operated.[2] The statute further restricts the operation of golf carts on designated streets, as follows:
"(4) A golf cart may be operated only during the hours between sunrise and sunset, unless the responsible governmental entity has determined that a golf cart may be operated during the hours between sunset and sunrise and the golf cart is equipped with headlights, brake lights, turn signals, and a windshield. (5) A golf cart must be equipped with efficient brakes, reliable steering apparatus, safe tires, a rearview mirror, and red reflectorized warning devices in both the front and rear. (6) A golf cart may not be operated on public roads or streets by any person under the age of 14."
The plain language of the statute prohibits the operation of a golf cart on public roads or streets by any person under the age of 14. Generally, a person operating or driving a motor vehicle on a public street or highway in this state must have a valid driver's license under the provisions of Chapter 322, Florida Statutes.[3] Section 322.04, Florida Statutes, however, enumerates several instances in which persons are not required to obtain a driver's license, one of which is "[a]ny person operating a golf cart, as defined in s. 320.01, which is operated in accordance with the provisions of s. 316.212."[4] The Legislature has specifically exempted the operation of golf carts operated under the conditions prescribed in section 316.212, Florida Statutes, from the licensing requirements of Chapter 322. Therefore, the city may properly enforce the age restriction prescribed by section 316.212, but may not impose additional age restrictions by limiting the operation to those who are 16 years of age or older.[5]
Similarly, the Legislature has prescribed the specific circumstances under which golf carts may be operated on public streets in section316.212, Florida Statutes, and has specified the safety equipment that a golf cart must possess for such operation.[6] Had the Legislature intended to require golf carts operating on public streets to comply with the safety restraint provisions in sections 316.613 and 316.614, Florida Statutes,[7] it could have included such requirements in the enumerated list.[8]
For example, section 316.2122, Florida Statutes, authorizes the operation of "low-speed vehicles" on specified public roads and requires that such vehicles be equipped with "headlamps, stop lamps, turn signal lamps, taillamps, reflex reflectors, parking brakes, rearview mirrors, windshields, seat belts, and vehicle identification numbers." (e.s.)[9]
There is no similar statutory language requiring golf carts to be equipped with seat belts and, absent legislative clarification, I cannot read such a requirement into section 316.212, Florida Statutes.[10]
Accordingly, it would appear that when golf carts are authorized by municipal ordinance to be operated on city streets, the Legislature has not required that the operator comply with the safety restraint requirements in sections 316.613 and 316.614, Florida Statutes. It may be advisable, however, to seek legislative clarification on this matter, given the great concern for the safety of motor vehicle operators and passengers.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] City of Atlantis Code of Ordinances, § 13-5 states: "Golf carts permitted on public roads. The public roads or streets in the City of Atlantis are hereby designated for use by golf carts." (Ord. No. 170, § 1, 1-16-85).
[2] Section 316.212(1), Fla. Stat.
[3] Section 322.03, Fla. Stat.
[4] Section 322.04(1)(e), Fla. Stat.
[5] See Op. Att'y Gen. Fla. 2003-58 and 2002-11. And see, Rinzler v. Carson, 262 So.2d 661, 668 (Fla. 1972) (municipality cannot forbid what the legislature has expressly licensed, authorized or required, nor may it authorize what the legislature has expressly forbidden); City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (Fla. 3rd DCA 1981), pet. for rev. den., 408 So.2d 1092 (Fla. 1981) (while municipalities have home rule powers to act upon any matter for municipal purposes, municipal ordinances are inferior to laws of the state and must not conflict with any controlling provision of a statute).
[6] See Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952) (where a statute sets forth exceptions, no others may be inferred to be intended).
[7] Section 316.613(1), Florida Statutes, states:
"(a) Every operator of a motor vehicle as defined herein, while transporting a child in a motor vehicle operated on the roadways, streets, or highways of this state, shall, if the child is 5 years of age or younger, provide for protection of the child by properly using a crash-tested, federally approved child restraint device. For children aged through 3 years, such restraint device must be a separate carrier or a vehicle manufacturer's integrated child seat. For children aged 4 through 5 years, a separate carrier, an integrated child seat, or a seat belt may be used. (b) The Division of Motor Vehicles shall provide notice of the requirement for child restraint devices, which notice shall accompany the delivery of each motor vehicle license tag."
Section 316.614, Florida Statutes, the "Florida Safety Belt Law," makes it unlawful for any person to operate a motor vehicle on the streets and highways of this state unless he or she is restrained by a safety belt and each passenger of the vehicle under the age of 18 is restrained by a safety belt or a child restraint device pursuant to section 316.613, Florida Statutes. It is also unlawful for any person 18 years of age or older to be a passenger in the front seat of a motor vehicle unless restrained by a safety belt.
[8] Section 316.212(4) and (5), Fla. Stat.
[9] "Low-speed vehicle" is defined by s. 320.01(42), Fla. Stat., to mean "any four-wheeled electric vehicle whose top speed is greater than 20 miles per hour but not greater than 25 miles per hour, including neighborhood electric vehicles." In contrast, s. 320.01(22), Fla. Stat., defines "[g]olf cart" as "a motor vehicle that is designed and manufactured for operation on a golf course for sporting or recreational purposes and that is not capable of exceeding speeds of 20 miles per hour."
[10]See Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (when the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way).